**ARCOLA SUGAR MILLS CO. et al. v.
HOUSTON LIGHTING & POWER
CO. et al.**

**No. 11203.**

Court of Civil Appeals of Texas. Galveston.
Dec. 19, 1940.

Walter F. Brown and C. I. McFarlane, both of Houston, for relators.

Baker, Botts, Andrews & Wharton and Tom M. Davis, all of Houston, for respondents.

MONTEITH, Chief Justice.

This is an original proceeding brought by Arcola Sugar Mills Company and Lillian and Stella Scanlan, individually and as trustees, as relators; against C. L. Dutton, Judge of the County Court of Fort Bend County, Texas, and Houston Lighting & Power Company, as respondents, in which relators pray that a writ of mandamus issue requiring the respondent, C. L. Dutton, as County Judge of Fort Bend County, to prepare and file a statement of facts among the papers of a certain condemnation suit now pending on appeal in this court, entitled Houston Lighting & Power Company v. Arcola Sugar Mills Company et al.

Relators alleged in their petition for mandamus that a judgment had been rendered in their favor in above numbered and entitled cause, and that they had requested the reporters, who had apparently acted as court reporters in the trial of said cause, to prepare and file therein a transcript of the evidence given on the trial, but that said reporters declined to do so, on the ground that they had not been appointed the official reporters in the trial of said cause but that they were the private employees therein of the Houston Lighting & Power Company; that this court has refused to grant them a writ of mandamus requiring said reporters to file a transcript of the evidence in said cause; that by agreement of the parties the time for the preparing and filing of said statement of facts was, by two orders entered in said cause, extended to October 29,

1940, and that, within the time so extended, the relators have prepared a statement of facts and had submitted it to the attorneys for the Houston Lighting & Power Company, who refused to agree to said statement of facts; that relators had requested the respondent, C. L. Dutton, as Judge of the County Court of Fort Bend County, Texas, to prepare and file a full and complete statement of facts in said condemnation suit and that he had declined to do so.

Respondent, C. L. Dutton, in his answer to relators' petition for mandamus denied that he had declined to approve a full and complete statement of facts in said cause. He stated that, although judgment was rendered in said cause on June 15, 1940, relators did not request him to prepare and file a statement of facts therein until late in the afternoon of October 29, 1940, the last day for the filing thereof in the trial court; that relators had prepared and submitted to him at that time an abbreviated and incomplete statement of facts to which attorneys for respondent had refused to agree for the claimed reason that it was not full and complete and that it would have been a physical impossibility for him to have complied with appellants' request to prepare and file said statement of fact at that time. Respondent denied that relators are without remedy unless the mandamus prayed for is issued and states that if this Court will extend the time for the preparation of said statement of facts relators can have the testimony in said cause transcribed and that he can and will prepare therefrom and file a full and complete statement of facts in the event the attorneys for respondent, Houston Lighting & Power Company refuse to agree thereto.

Respondent, Houston Lighting & Power Company, attached to its answer filed herein, as exhibits thereto affidavits of A. T. Fridge and A. J. Rosenthal, the reporters who reported said cause in the trial court, in which they stated under oath that they had been willing and ready at all times since judgment was renderd in said cause to prepare for relators a statement of the facts adduced in the trial thereof for the usual and customary price charged for that class of work in Houston, with an additional charge to cover a refund which they were obligated to make to respondent, Houston Lighting & Power Company, in reimbursement for expenditures made by it in having the case reported, but that relators had never placed an order with them for a statement of facts other than for a part of said testimony. They stated they were prepared and ready at this time to write up, for their usual and customary charges, the balance of said testimony which had not been transcribed.

Respondent Houston Lighting & Power Company, in its answer, stated that it had offered to agree to a further extension of time within which relators might file said statement of facts, subject to the approval of the court, so that relators might complete a narrative statement of facts, but that relators had refused to accept said offer and had filed this proceeding with the view of compelling the trial Judge to prepare and file said statement of facts.

The record shows that the cause entitled Houston Lighting & Power Company v. Arcola Sugar Mills Company, No. 2443 on the docket of the county court of Fort Bend County, Texas, was tried before a jury in said court, with respondent, C. L. Dutton, presiding as trial Judge, from May 27, 1940, through June 13, 1940, during which time numerous witnesses testified and a great deal of documentary evidence was introduced. A. T. Fridge and A. J. Rosenthal, who were employed and paid by Houston Lighting & Power Company, reported the entire proceedings in the case, although they were not sworn or stipulated in the record as official reporters, and were held by this court in Arcola Sugar Mills et al., Petitioners, v. Houston Lighting & Power Co. et al., Respondents, reported in 142 S.W.2d 626, not to have been official court reporters in the trial of said cause. By orders entered in said cause the time for filing statement of facts was extended by agreement of counsel to October 29, 1940. On the afternoon of October 29, 1940, counsel for relators for the first time made demand on respondent C. L. Dutton to prepare a statement of facts after he had refused to approve what he designated as "an incomplete abbreviated statement of the evidence", which had been delivered to him for approval the day before. At no time was a full question and answer statement of facts or stenographic notes of the evidence furnished respondent Dutton, from which to prepare a statement of facts.

It is the established law in this state that a mandamus will not issue to compel a public officer to perform an official act unless the relator has shown a clear legal right to its performance at the hands of such officer. The object of the writ is to enforce the performance of the duty when

the relator has no other adequate means of redress, and it is further shown that the officer has clearly violated his duty in not performing the act sought to be required of him. It·has been uniformly held that the writ will not issue if the right is doubtful or contingent upon further acts of relator or others. City of Galveston v. Mann, Tex. Sup., 143 S.W.2d 1028; Common School District No. 16, Lampasas County, v. Keeling, Attorney General, 113 Tex. 523, 261 S.W. 364.

It is agreed by relators that the statement of facts submitted to respondent Judge Dutton was not a complete and full statement of facts.

■ It was held in the recent case of Davis v. Moore, Tex.Civ.App., 126 S.W.2d 1005, that an abbreviated or incomplete statement of facts may be filed only by agreement of the parties.

■ Our courts have uniformly held that an appealing party is entitled to a statement of facts if, through no fault of his own, after the exercise of due diligence, he is unable to procure it, and that he is entitled to a reversal of the judgment from which he had appealed in the event he has been deprived thereof without fault or negligence of himself or counsel. Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697; Pacific Greyhound Lines, Inc. v. Burgess, Tex.Civ.App., 118 S.W.2d 1100; 3 Tex.Jur., 638.

This rule, however, does not apply if the party or his attorney have been negligent or at fault in the matter. 3 Tex.Jur., 638; Pruitt v. Blesi, Tex.Civ.App., 204 S.W. 714.

■ It is apparent from the facts stated in the affidavits filed herein, which must be relied upon by this court in determining the issues involved, that respondent C. L. Dutton has not only not violated his official duty in not·preparing and filing said statement of facts at the time and under the circumstances alleged by relators, but that relators could have secured said statement of facts, and that they have at this time a clear and adequate means whereby they may procure a statement of facts by having prepared and submitted to Judge Dutton a full and complete narrative statement of facts which he may either approve as such or from which one may be prepared. Judge Dutton has stated in his answer that, if this court will extend the time for the filing of a statement of facts in this court, he will assist·relators in the preparation and filing thereof within the time so extended.

It is therefore ordered that relators' application for mandamus be and the same is hereby refused.

For the purpose of facilitating the preparation and filing of said statement of facts and in response to a motion, which this court deems meritorious, to extend the time to file statement of facts, it is hereby ordered that the time for filing a statement of facts in this court in cause No. 11,194 entitled Arcola Sugar Mills Company et al. v. Houston Lighting & Power Company, be and the same is hereby extended until February 19, 1941.

Application refused; motion to extend time for filing statement of facts granted.