CESSNA AIRCRAFT COMPANY, Relator,

v.

The Honorable Charles Weldon KIRK, Judge, Respondent.

No. 11–85–274–CV.

Court of Appeals of Texas, Eastland.

Jan. 16, 1986.

William L. Maynard, Gilpin, Maynard, Parsons, Pohl & Bennett, Houston, David R. Cobb, McMahon, Smart, Surovik, Suttle, Buhrmann & Cobb, Abilene, for appellant.

R. Temple Dickson, Moore, Dickson, Roberts & Ratliff, Inc., Sweetwater, Rockne W. Onstad, Abraham, Watkins, Nichols, Ballard, Onstad & Friend, Houston, for appellee.

## OPINION

RALEIGH BROWN, Justice.

This is an original proceeding in mandamus. After leave was granted, Cessna Aircraft Company, relator, filed a petition for writ of mandamus seeking an order requiring the Honorable Charles Weldon Kirk, Judge of the 32nd Judicial District Court of Nolan County, Texas, respondent, to stay two lawsuits filed in the 32nd District Court. Cessna argues that the suits should be stayed pending the outcome of two suits previously filed in federal court involving the same controversy. The lawsuits arose out of the crash of a small private airplane. The plane was manufactured by Cessna and owned by Big Country Oil Company. An employee of Big Country Oil was piloting the aircraft at the time of the accident. All four persons on board the plane were killed, and seven different wrongful death actions in three different forums were subsequently filed.

The survivors of Hollis Smith and Gilbert Day, two of the victims of the crash, filed separate suits in the United States District Court for the Southern District of Texas against Cessna, Big Country Oil, Sweetwater Aviation, Inc. and the Federal Aviation Administration. Subsequently, the survivors of Robert Hodge and Wade Berry, the other victims of the crash, filed separate suits in the same federal forum against Cessna.

After filing their suits in federal court, the Berry plaintiffs filed suit against Cessna, Big Country Oil, and Sweetwater Aviation in the 298th Judicial District Court of Dallas County, Texas. Upon motion by Cessna, this state court action was stayed pending the outcome of the federal suits. The Day and Smith plaintiffs each filed separate suits against Cessna, Big Country Oil, and Sweetwater Aviation in the 32nd Judicial District Court of Nolan County, Texas. Cessna filed motions to stay these Nolan County cases until the federal suits were concluded. Judge Kirk denied such motions. Cessna filed this original mandamus proceeding.

■ A motion to stay a state court proceeding is a matter directed to the discretion of the trial court. *Williamson v. Tucker*, 615 S.W.2d 881 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Evans v. Evans*, 186 S.W.2d 277 (Tex.Civ.App.—San Antonio 1945, no writ). It is a settled rule of law that a mandamus "will not issue to control the action of a lower court in a matter involving discretion." *Johnson v. The Honorable Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985). See also *Pat Walker & Company, Inc. v. Johnson*, 623 S.W.2d 306 (Tex.1981); *Shamrock Fuel & Oil Sales Co. v. Tunks*, 416 S.W.2d 779 (Tex.1967).

The rule, however, is not without qualifications. Mandamus is an appropriate remedy by which to compel the exercise of discretion when a lower court refuses to exercise the discretion with which it is vested. See *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677 (Tex.1956). Moreover, the fact that a lower court acts on a matter which involves discretion does not foreclose the issuance of a mandamus if the lower court clearly abuses its discretion. The Court in *Johnson,* supra at 917, stated:

> Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law.

See also *State v. Walker*, 679 S.W.2d 484 (Tex.1984); *State Bar of Texas v. Heard*, 603 S.W.2d 829 (Tex.1980).

The cases of *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290 (1959); *Johnson v. The Honorable Fourth Court of Appeals,* supra; *State Bar of Texas v. Heard,* supra; and *United Pacific Insurance Company v. Zardenetta*, 661 S.W.2d 244 (Tex.App.—San Antonio 1983, no writ), support the position that a clear abuse of discretion, when utilized as the basis for an original mandamus proceeding, refers to the unique situation wherein the lower court, exercising a "discretionary" authority, has but one viable course to follow and one legitimate way to decide the question presented, but instead issues a contrary ruling. In *Jones,* supra at 295, the Texas Supreme Court stated:

> When it is once decided that a trial judge exercising a "discretionary" authority has but one course to follow and one way to decide then the discretionary power is effectively destroyed and the rule which purports to grant such power is effectively repealed.

See also *Johnson v. The Honorable Fourth Court of Appeals,* supra. The Texas Supreme Court, in *Johnson,* supra at 918, quoted the above language and then made the following declaration:

> In order to find an abuse of discretion, the reviewing court must conclude that the facts and circumstances of the case extinguish any discretion in the matter.

Moreover, the court in *Johnson,* supra at 917, while discussing what a relator must establish to prove a clear abuse of discretion, stated:

> A relator who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden. *Lutheran Social Services, Inc. v. Meyers*, 460 S.W.2d 887, 889 (Tex.1970). The relator must establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision.[1] This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion. *Pat Walker & Company, Inc. v. Johnson*, 623 S.W.2d 306, 308 (Tex.1981).

The basis of Cessna's contention for mandamus is that its right to contribution from a potential joint tortfeasor may be complicated by failure to grant the stay. Cessna argues that since prosecution of the state court action to final judgment may operate to destroy its claim for contribution from the United States, Cessna is entitled to the mandamus. Cessna concedes, however, that all aspects of the law regarding contribution among joint tortfeasors in such a situation are not settled.[2] Under such facts and circumstances, we cannot hold that the trial court clearly abused its discretion in failing to grant the stay.

The writ of mandamus is denied.

---

1. *E.g.,* There is a plain legal duty imposed by law or the facts and circumstances of the case effectively destroy any discretion in the matter.

2. See *Acord v. General Motors Corporation*, 669 S.W.2d 111 (Tex.1984); *Duncan v. Cessna Aircraft Company*, 665 S.W.2d 414 (Tex.1984); *Beech Aircraft Corporation v. Jinkins*, 698 S.W.2d 722 (Tex.App.—Houston [1st Dist.] 1985, writ requested).