Janice S. RHODES, Appellant,

v.

Bob SOROKOLIT, M.D., Appellee.

No. 2–91–228–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 28, 1993.

Rehearing Overruled March 3, 1993.

Alfred W. Ellis, Dallas, for appellant.

Daniel A. Foster, McLean & Sanders, Fort Worth, for appellee.

Before WEAVER, C.J., and HILL and LATTIMORE, JJ.

## OPINION

WEAVER, Chief Justice.

Janice Rhodes sued Bob Sorokolit, M.D., for breach of implied and express warranties and misrepresentations constituting violations of the Deceptive Trade Practices Act, TEX.BUS. & COM.CODE ANN. §§ 17.41–17.63 (Vernon 1987) ("DTPA"), growing out of plastic surgery performed by Dr. Sorokolit. The trial court sustained Dr. Sorokolit's special exceptions to appellant's DTPA allegations and dismissed the case.

We affirm in part and reverse and remand in part.

In her petition, Rhodes alleged that Dr. Sorokolit performed breast augmentation, abdominal scar revision and abdominal scar resection surgery on her. Rhodes originally sued Dr. Sorokolit for professional negligence, but later abandoned all negligence claims and amended her pleadings to allege only DTPA violations, namely breach of express and implied warranties and knowing misrepresentations. Specifically, Rhodes alleged that Dr. Sorokolit "guaranteed and warranted" the results of the surgery. Rhodes further alleged that Dr. Sorokolit "breached his express and implied warranty to perform his services in a good and workmanlike manner." Rhodes also alleged that Dr. Sorokolit made knowing misrepresentations to her, including that "her breasts would, in fact look just like the breasts in the picture selected by [Rhodes]," and that there would be no complications from the surgery.

Dr. Sorokolit's special exceptions to the DTPA allegations were based, in part, on the Texas Medical Liability and Insurance Improvement Act ("Medical Liability Act") exclusion which provides:

Notwithstanding any other law, no provisions of Sections 17.41–17.63, Business & Commerce Code, shall apply to physicians or health care providers as defined in Section 1.03(3) of this Act, with respect to claims for damages for personal injury or death resulting, or alleged to have resulted, from negligence on the part of any physician or health care provider.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 12.01(a) (Vernon Pamph. 1993). Dr. Sorokolit also specially excepted to the DTPA allegations on the basis that the DTPA does not apply to services involving the exercise of profes-

sional medical judgment. In its final judgment of dismissal, the trial court held that the Medical Liability Act precluded a DTPA action "against a physician for conduct arising from the providing of professional medical services regardless of whether negligence is or is not asserted as an alternative theory of recovery."

In her sole point of error, appellant argues that the trial court erred in dismissing the lawsuit on the basis that the Medical Liability Act precluded a DTPA action when professional negligence is not alleged against the physician. In other words, appellant asserts that a DTPA cause of action against physicians exists when such claim is not based upon negligence. We will consider separately whether a DTPA cause of action exists for breach of implied or express warranty and for misrepresentation.

### Breach of Implied Warranty

■ Rhodes pleaded that Dr. Sorokolit "breached his express and implied warranty to perform his services in a good and workmanlike manner." Texas has expressly rejected the existence of an implied warranty for good and workmanlike performance of purely professional services. *Dennis v. Allison*, 698 S.W.2d 94, 95–96 (Tex.1985); *Chapman v. Paul R. Wilson, Jr., D.D. S.*, 826 S.W.2d 214, 217 (Tex. App.—Austin 1992, writ denied). In the present case, the essence of the transaction was Dr. Sorokolit's exercise of professional medical judgment. Accordingly, no implied warranty arose. Moreover, our sister appellate courts have held that the Medical Liability Act precludes a cause of action founded on negligence even if it is phrased in terms of breach of implied warranty. *Chapman*, 826 S.W.2d at 218; *Eoff v. Hal and Charlie Peterson Found.*, 811 S.W.2d 187, 195 (Tex.App.—San Antonio 1991, no writ); *Wisenbarger v. Gonzales Warm Springs Hosp.*, 789 S.W.2d 688, 690–91 (Tex.App.—Corpus Christi 1990, writ denied). The Austin Court of Appeals reasoned that because of the similarity between the negligence standard and the "good and workmanlike manner" standard alleged in an implied-warranty claim, the

legislature intended for the exclusion contained in section 12.01(a) of the Medical Liability Act to encompass such implied-warranty causes of action brought under the DTPA. *Chapman*, 826 S.W.2d at 218. We find that the trial court did not err in sustaining Dr. Sorokolit's special exceptions as to the breach of implied warranty allegation.

### Misrepresentations

Rhodes petition contains the following allegations regarding her asserted DTPA cause of action for misrepresentation:

> At the time that [Rhodes] first saw [Dr. Sorokolit] for evaluation in regard to proposed surgery and up until her surgery on February 5, 1985, [Dr. Sorokolit] guaranteed and warranted the results of his surgery. Specifically, he instructed [Rhodes] and her husband to select a picture of a nude model from Playboy magazine which represented the way [Rhodes] would like to have her breasts appear following surgery, and he promised that her breasts would, in fact look just like the breasts in the picture selected by [Rhodes] ... [Dr. Sorokolit] never mentioned the possible complications in regard to abdominal scarring and capsulization of the breast implants, but affirmatively stated that there would be no problems in this regard.

■ We have previously noted that section 12.01(a) of the Medical Liability Act precludes a DTPA cause of action against physicians for personal injuries based upon negligence. While we have held that an implied warranty claim fits within that exception because of its similarity to a negligence claim, we do not so find as to claims based upon knowing misrepresentations. The plain and common meaning of the language used in section 12.01(a) of the Medical Liability Act creates an exemption for health care providers from DTPA claims based upon negligence, i.e., those claims that involve the breach of a duty to use "ordinary care" or "reasonable care" or breach of a comparable duty. *Chapman*, 826 S.W.2d at 219. If the legislature had intended for section 12.01(a) to exempt

health care providers from every DTPA cause of action, irrespective of its basis, then that intention could have been expressed in plain and specific language. *Id.; See Government Personnel Mut. Life Ins. Co. v. Wear,* 151 Tex. 454, 251 S.W.2d 525, 529 (1952). Since the legislature did not do so, we refrain from interpreting the exclusion from encompassing DTPA claims based upon knowing misrepresentations. Because knowing misrepresentations do not fall within the ambit of the plain meaning of negligence, a DTPA cause of action exists against health care providers for personal injuries when that claim is based upon a knowing misrepresentation. *Chapman,* 826 S.W.2d at 219. Accordingly, we find that the trial court erred in sustaining Dr. Sorokolit's special exceptions as to the misrepresentation allegations.

### Breach of Express Warranty

■ Furthermore, applying the same reasoning, we extend the holding of the *Chapman* court to hold that a DTPA cause of action exists against health care providers when it is based upon the breach of an express warranty. *See id. See also* Bragg, Maxwell, & Longley, *Texas Consumer Litigation* § 2.02 (2d ed. 1983 & Supp.1990–91). We find that the trial court erred in sustaining Dr. Sorokolit's special exceptions as to the express warranty claim.

Because section 12.01(a) of the Medical Liability Act does not bar Rhodes' DTPA claim to the extent it is based on knowing misrepresentation or breach of an express warranty, we reverse the judgment of the trial court and remand this case to the trial court for further proceedings consistent with our rulings herein.