Anita HILL, Relator,

v.

Honorable Ebelardo LOPEZ, Judge, Respondent.

No. 07–93–0125–CV.

Court of Appeals of Texas, Amarillo.

July 6, 1993.

---

Templeton Smithee Hayes & Fields, Joe W. Hayes, Amarillo, for relator.

Carr Fouts Hunt Craig Terrill & Wolfe, LLP, Don Hunt, Lubbock, Bailey and Williams, James A. Williams, Strasburger & Price, Llp, Bryan J. Maedgen, P.C. & D. Bradley Kizzia, Dallas, Morris Moore Moss & Douglas, Charles E. Moss, Hinkle Cox Eaton Coffield & Hensley, John C. Chambers, Peterson Farris Doores & Jones, Barry D. Peterson, Amarillo, for real party in interest.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

## ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

REYNOLDS, Chief Justice.

Moving for leave to file a petition for writ of mandamus in this original proceeding, relator Anita Hill seeks the writ to compel respondent, Honorable Ebelardo Lopez, Judge of the 108th Judicial District Court of Potter County, to rescind his order granting special exceptions and striking some of her pleaded causes of action. On the rationale expressed, the motion for leave to file the petition will be overruled.

Relator, individually and as next friend for Jason Hill, Jennifer Hill, Heidi Hill, and Hannah Hill, her minor children, initiated the litigation underlying this original proceeding against P.I.A. of Amarillo, Inc., d/b/a Cedar Creek Hospital; Psychiatric Institutes of America, Inc.; NME Hospitals, Inc.; National Medical Enterprises, Inc.; Dr. Ronald Goldberg; Dr. B. William Freund; Dr. June A. Powell;[1] Marcy Gage; Ron Mays; Dr. Charles Markward; Ted Woolridge; Wendy Murray; Bruce Baca; Dr. William J. Kleinpeter; Priscilla Kleinpeter; Jim R. Coventry; William J. Kleinpeter, Jr., PH.D., P.C.; and William J. Kleinpeter, PH.D., P.C. & Associates. Founded upon alleged erroneous and fraudulent diagnoses requiring her and her children's hospitalization at Cedar Creek Hospital, relator sought monetary damages for personal injuries and expenditures upon pleaded causes of action of negligence, violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA),[2] fraud, breach of the duty of good faith and fair dealing, false imprisonment, conspiracy to defraud, and negligent and intentional infliction of emotional distress.

Relator utilized paragraphs 50 through 56 in her original petition to plead the DTPA violations. She specifically charged the named defendants knowingly (1) used deceptive representations, (2) misrepresented their services, (3) failed to disclose in-

---

1. For some reason not revealed in the filings, Dr. Powell was not made a party to this original proceeding.

2. Tex.Bus. & Com.Code Ann. § 17.41, *et seq.* (Vernon 1987 & Supp.1993).

formation in order to induce a transaction, and (4) breached expressed and/or implied warranties, all of which acts constituted an unconscionable course of conduct.

Special exceptions to relator's petition were filed by Doctors Markward, Goldberg, and Freund individually, and by all other named defendants collectively, except Dr. Powell, the Kleinpeters, and Coventry. Included were exceptions to relator's allegations of DTPA causes of action, the tenor of which was that the DTPA violations alleged were precluded as causes of action by section 12.01(a) of the Medical Liability and Insurance Improvement Act of Texas. The section provides that:

> Notwithstanding any other law, no provisions of Sections 17.41—17.63, Business & Commerce Code, shall apply to physicians or health care providers as defined in Section 1.03(3) of this Act, with respect to claims for damages for personal injury or death resulting, or alleged to have resulted, from negligence on the part of any physician or health care provider.

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 12.01(a) (Vernon Supp.Pamp.1992–1993).

Hearing the special exceptions, respondent ordered that the special exceptions be sustained, that relator's paragraphs 50 through 56 pleadings of DTPA violations be stricken, and that relator shall amend her pleadings in conformity with the order. It is this order which relator seeks to have set aside by this original mandamus proceeding.

■ Since mandamus is an extraordinary proceeding, available only in limited circumstances, *Walker v. Packer*, 827 S.W.2d 833 (Tex.1992), a writ of mandamus will not issue to compel respondent to set aside his order unless relator shows a clear and unequivocal right to that performance. *Cobra Oil & Gas Corporation v. Sadler*, 447 S.W.2d 887, 895 (Tex.1969). Moreover,

in the absence of extraordinary circumstances, mandamus is not available to supervise or correct rulings of a trial judge which are mere incidents in the normal trial process when there is an adequate remedy by appeal for their correction. *Grimm v. Garner*, 589 S.W.2d 955, 956 (Tex.1979). Obviously, the ruling of a trial judge on special exceptions is a mere incident in the normal trial process, and if the ruling is incorrect, the aggrieved party has a remedy by appeal to correct the incidental ruling. *Accord Abor v. Black*, 695 S.W.2d 564, 567 (Tex.1985). The cost or delay incurred by the trial and appellate process does not make the remedy by appeal inadequate. *Walker v. Packer*, 827 S.W.2d at 842; *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60 (Tex.1991).

■ Notwithstanding, relator represents that mandamus is available under the circumstances of this proceeding, because respondent clearly abused his discretion in misapplying settled law and she has no adequate remedy at law.[3] *Walker v. Packer*, 827 S.W.2d at 840; *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). Respondent misapplied the law in granting the special exceptions, relator submits, since *Chapman v. Paul R. Wilson, Jr., D.D.S.*, 826 S.W.2d 214 (Tex. App.—Austin 1992, writ denied), held that section 12.01(a), *supra*, does not bar a patient's DTPA claim against a dentist based on knowing misrepresentations, 826 S.W.2d at 219, and *Rhodes v. Sorokolit*, 846 S.W.2d 618 (Tex.App.—Fort Worth 1993, no writ (sic)), followed and extended *Chapman* to hold that section 12.01(a), *supra*, does not bar a patient's DTPA claim against a surgeon based on knowing misrepresentations and breach of express warranty. 846 S.W.2d at 621.

As noticed by some replies to relator's motion by the real parties in interest, the *Rhodes* plaintiff was not pursuing any negligence allegations, and relator omitted

---

**3.** Excepted from relator's representation is her candid concession that respondent was correct in sustaining the special exceptions to the breach of implied warranty allegations contained in paragraph 52 of her petition, because she does not have a cause of action against a physician or health care provider for breach of an implied warranty of services. *Dennis v. Allison*, 698 S.W.2d 94, 96 (Tex.1985); *Chapman v. Paul R. Wilson, Jr., D.D.S.*, 826 S.W.2d 214, 217–18 (Tex.App.—Austin 1992, writ denied).

from her submission the decision in *Waters ex rel. Walton v. Del–Ky, Inc.,* 844 S.W.2d 250 (Tex.App.—Dallas 1992, no writ). In *Walton,* the allegations cast against a nursing home were somewhat akin to those in the present cause, being pleaded as negligence, negligence per se, breach of express warranties under the DTPA, breach of fiduciary duty, and breach of good faith and fair dealing. The *Walton* court, observing that the claims, whether in tort or contract, were claims for lack of treatment or other claimed departure from accepted standards of medical care, health care, or safety, concluded that section 12.01(a), *supra,* precluded the DTPA express warranty cause of action. 844 S.W.2d at 258.

More pertinent, however, is the observation within the replies that contrary to relator's indication, the Supreme Court has granted a petition for writ of error in *Rhodes. Sorokolit v. Rhodes,* 36 Tex.Sup. Ct.J. 1007 (June 16, 1993). The grant was on the point of error expressed as:

> THE COURT OF APPEALS ERRED IN REVERSING THE TRIAL COURT'S JUDGMENT OF DISMISSAL OF PLAINTIFF'S MISREPRESENTATION AND BREACH OF EXPRESS WARRANTY CLAIMS UNDER THE DECEPTIVE TRADE PRACTICES ACT BECAUSE § 12.01(A) OF THE TEXAS MEDICAL LIABILITY AND INSURANCE IMPROVEMENT ACT PRECLUDES PLAINTIFF'S CLAIMS.

*Id.* at 1008.[4]

Obviously, then, the law regarding the extent of the application of section 12.01(a), *supra,* to DTPA claims interposed in a medical malpractice action is not settled; it merely is in a state of development. As a result, relator has not established that the facts and law required respondent to overrule the special exceptions and, therefore, she has not met her heavy burden of establishing that respondent abused his discretion in granting the special exceptions. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d at 917; *Cessna Aircraft Co. v.*

*Kirk,* 702 S.W.2d 321, 323 (Tex.App.—Eastland 1986, orig. proceeding).

Assuming an alternative position, relator asserts that section 12.01(a), *supra,* is limited in its application to physicians and health care providers, and concedes that some of the named defendants have that status. However, with respect to defendants Gage, Mays, Woolridge, Murray, Baca, Coventry, and the Kleinpeters, she denies, and states there is nothing in her petition from which respondent could conclude, that they are either physicians or health care providers. For respondent to make such a determination, she argues, would require facts extraneous to her petition and, as a consequence, respondent abused his discretion by granting the special exceptions as they pertained to these defendants.

■ If, indeed, there are fact questions whether these defendants are physicians or health care providers, then relator has not shown her entitlement to mandamus relief in this particular. The office of mandamus is to execute, not to adjudicate facts; thus, mandamus will not lie to establish as well as enforce a claim of uncertain merit. *Wortham v. Walker,* 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939). And if, in fact, these defendants are neither physicians nor health care providers, then relator has been given the opportunity by respondent's order to amend her petition to allege these facts.

Since relator has failed to establish that respondent abused his discretion in granting the special exceptions, it follows that we need not address her contention that she has no adequate remedy at law. *Cf. Walker v. Packer,* 827 S.W.2d at 840 (reiterating that when the trial court's erroneous interpretation of the law constitutes a clear abuse of discretion, mandamus will not issue where there is an adequate remedy at law, such as a normal appeal). Parenthetically, we have noticed the holdings that when relief is sought from the sustaining of special exceptions, the remedy is not

---

4. Submission has been set for October 13, 1993, per orders of the Supreme Court dated June 30, 1993.

by mandamus, *King v. Moorhead,* 203 S.W.2d 940, 943 (Tex.Civ.App.—Galveston 1947, no writ), but by appeal. *Id.; Cameron v. University of Houston,* 598 S.W.2d 344, 345 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

Accordingly, relator's motion for leave to file her petition for writ of mandamus is overruled. Tex.R.App.P. 121(c).