NO. 07-11-0364-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 21, 2012
_____

In re TRUCKY S. TROCKMAN and LOUISE E. TROCKMAN, TRUSTEES, BRIDGET KRUEGER and PETER KRUEGER, JOINT TRUSTEES, LARRY BARNBLATT, TRUSTEE, BRUCE EARL BONINI, STEVEN I. WILKOFSKY and SUSAN K. WILKOFSKY, JOINT TRUSTEES and TENANTS IN COMMON, LAWRENCE LESLIE ROSENBLOOM, HOWARD KRAINES, REUBEN ROSENBLOOM, MITCHELL D. TROCKMAN, SHERRY L. ROWELL, and RICHARD MADENBURG and SUSAN P. MADENBURG,

Relators
_____

***Original Proceeding***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the petition for a writ of mandamus filed by the relators requesting that we direct the Honorable Ana Estevez "to withdraw the Order entered on August 5, 2011 granting the JWEX defendants' motion for protective order, plea to the jurisdiction, and special exceptions and to permit Relators to prosecute their shareholder oppression claims based on allegations of self-dealing abuse of power by the controlling shareholder and to seek evidence of such misconduct through discovery." We deny the petition.

## Background

The underlying suit was filed by the relators (collectively referred to herein as Trockman) who allegedly are minority shareholders in a company known as J.W. Resources Exploration & Development, Inc. (JWR). They sued JWR, Joe Harrell Watkins, James Blankenship, North American Natural Gas, Inc., J.W. Oilfield Service, Inc., Shelly Kay Watkins, Ross Harrell Watkins, and Lavaughn F. Watts, Jr., alleging causes of action for shareholder oppression, common law and statutory fraud, negligent misrepresentation, breach of fiduciary duty, civil conspiracy and the like. Furthermore, the substance of their complaints involve Joe Watkins and James Blankenship and the manner in which they induced Trockman to become stockholders of JWR and the way in which Watkins and Blankenship operate JWR.

JWR, Blankenship, Watkins, North American, and Oilfield Services (collectively referred to as Watkins) eventually filed a plea to the trial court's jurisdiction, a motion for protective order and special exceptions which questioned Trockman's ability to prosecute claims sounding in breached fiduciary duty and civil conspiracy to breach such duties. Such fiduciary duties purportedly breached, according to Watkins, were owed to JWR. And, being owed to JWR, only it or shareholders who averred a statutory derivative suit on behalf of the corporation could pursue them. However, no such derivative action was alleged by Trockman. Thus, the latter had no standing to pursue the breached fiduciary duties at issue. Nor could they develop them through discovery. The trial court agreed with JWR and granted all three motions. However, its order was general in nature. For instance, the trial court did not specify what allegations it considered to be encompassed within the scope of JWR's complaint. Furthermore, no

specific allegations were ordered struck or subject to re-pleading. Nor did it specify whether the scope of its directive excluded causes of action which were patently not derivative when granting the request to dismiss the civil conspiracy allegation.[1] And, believing that the trial court's decision was wrong, Trockman initiated this original proceeding before us.

### *The Law*

Mandamus relief is not available for the asking. Quite the contrary. Those seeking it must carry a particular and onerous burden. They must prove not only that the trial court "clearly" abused its discretion but also that they have no adequate remedy at law, that is, by appeal. *In re Ford Motor Co.*, 988 S.W.2d 714, 718 (Tex.1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840-44 (Tex.1992) (orig. proceeding).

*Adequate Legal Remedy*

A trial court's order on motions such as pleas to the jurisdiction of the court, pleas in abatement, motions to dismiss, and special exceptions are considered incidental rulings for which relator has an adequate remedy by appeal. *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954 (Tex.1990) (orig. proceeding) (plea to the jurisdiction); *Abor v. Black*, 695 S.W.2d 564, 566-67 (Tex.1985) (orig. proceeding) (plea in abatement); *Hill v. Lopez*, 858 S.W.2d 563 (Tex. App.–Amarillo 1993, orig. proceeding) (special exceptions); *Low v. King*, 867 S.W.2d 141, 142 (Tex. App.–Beaumont 1993, orig. proceeding) (holding the same). The same is generally true of an order involving

---

[1]That is, Trockman averred that the members of the JWR groups involved themselves in a civil conspiracy to fraudulently induce Trockman into buying shares of JWR. Whether true or not, the claim is personal to Trockman and involves recompense for injury he suffered, not injury suffered by the corporation. Yet, Trockman did not raise this particular matter in his request for equitable relief; that is, he did not assert that the trial court's dismissal of the conspiracy claim was too broad.

discovery.  *Polaris Inv. Management Corp. v. Abascal*, 892 S.W.2d 860, 861-62 (Tex. 1995) (orig. proceeding).

So, it appears that Trockman cannot satisfy at least one condition to obtaining mandamus relief, and this means that we cannot grant mandamus relief.   To avoid that outcome, however, Trockman invokes precedent that allows us to review incidental rulings if they have the effect of vitiating the claim or at least the ability to prosecute it. We recognize that such precedent exists.   *See In re AIU Ins. Co.,* 148 S.W.3d 109, 115 (Tex. 2004) (orig. proceeding) (discussing the exception); *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002) (orig. proceeding) (allowing interlocutory mandamus relief because the decision vitiated the defendant's ability to defend against the claim).  Yet, it is not applicable here, as we will show.

Again, Trockman wants to develop his shareholder oppression claim.  He is not asking leave to prosecute a shareholder's derivative claim on behalf of the corporation.

Next, oppression claims have been recognized as part of Texas' jurisprudence. *Feldman v. Kim*, No. 14-11-0184-CV, 2012 Tex. App. LEXIS 153, at *7 (Tex. App.– Houston [14th Dist.] January 10, 2012, no pet.) (including opinions cited therein); *Ritchie v. Rupe*, 339 S.W.3d 275, 289 (Tex. App.–Dallas 2011, pet. denied).  And, the courts that have addressed the theory acknowledge that it is quite broad in scope.  They have said that the prohibited conduct involved need not encompass fraud, illegality, mismanagement, wasting of assets, or deadlock.  *Feldman v. Kim, supra.*  Rather, it need only consist of action by controlling shareholders that 1) substantially defeats the minority's expectations that, objectively viewed, were both reasonable under the circumstances and central to the minority shareholder's decision to join the venture, 2)

4

is sufficiently burdensome, harsh, or wrongful so as to evince a lack of probity and fair dealing in the company's affairs to the prejudice of some members, or 3) is a visible departure from the standards of fair dealing and a violation of fair play on which each shareholder is entitled to rely. *Ritchie v. Rupe,* 339 S.W.3d at 289; *Feldman v. Kim*, 2012 Tex. App. LEXIS 153, at *8. So too have they acknowledged that within those categories can fall conduct resulting in the denial of access to corporate records, *see Redmon v. Griffith*, 202 S.W.3d 225, 235-36 (Tex. App.–Tyler 2006, pet. denied), or in the denial of voting privileges. *Ritchie v. Rupe*, 339 S.W.3d at 291-92.

Upon reading Trockman's live pleading we see that his oppression claim includes allegations about being denied access to corporate information and voting privileges. Indeed, he avers that Watkins, Blankenship and the others comprising JWR's "'most valued shareholders'" "control[] slightly more than 50% of the shareholder vote and [have] given Watkins a blank check to operate the corporation without notice or disclosure to the shareholders, a shareholders' meeting[,] or [a shareholders'] vote." And, it is that allegation that effectively prevents us from granting relief through mandamus because the focus of JWR's special exceptions and motions did not encompass it. Rather, the corporation, Watkins, and Blankenship simply wanted to prevent Trockman from prosecuting or developing claims of self-dealing and breached fiduciary duty by corporate officers or directors since they belonged to the corporation. Furthermore, the written order of the trial court does not expressly bar Trockman from pursuing shareholder oppression claims in general. Instead, from the context from which it issued, the trial court was addressing only the aforementioned allegations of self-dealing and breached fiduciary duty.

5

Simply put, the trial court's rulings at issue do not vitiate or otherwise prevent Trockman from prosecuting his oppression claim. So, we cannot say that he lacks an adequate remedy at law via appeal. Thus, we deny the request for a writ of mandamus.[2]

Brian Quinn
Chief Justice

---

[2]Incidentally, authority exists illustrating that self-dealing by those in control of the corporation may also constitute indicia of shareholder oppression. *See Redmon v. Griffith*, 202 S.W.3d 225, 235 (Tex. App.–Tyler 2006, pet. denied) (holding that summary judgment was improper because a claim of shareholder oppression was demonstrated through evidence of "the Griffiths maliciously suppress[ing] the payment of dividends owed . . . and ma[king] improper personal loans to themselves . . . in addition to paying personal expenses from corporate funds without the approval of the board of directors . . . diverting corporate opportunities, excessive payment of dividends to themselves, and attempts to deprive the Redmons of the fair value of their shares and of the benefits thereof"). And, while we cannot issue mandamus to alter the trial court's apparent inclusion of self-dealing as something outside the scope of discovery (due to the presence of an adequate remedy through appeal), *Redmon* may serve as reason for the trial court to reconsider the matter.