## INTERNATIONAL PAPER COMPANY, Relator,

v.

## The Honorable Robert GARZA, Presiding Judge of the 138th Judicial District Court of Cameron County, Texas, Respondent.

### No. 13–93–633–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 28, 1994.

See also, 961 F.2d 558.

Roger W. Hughes, Leo C. Salzman, Adams & Graham, Harlingen, J.A. Canales, Canales & Simonson, P.C., Corpus Christi, for relator.

Gordon L. Briscoe, Harlingen, Neil E. Norquest, McAllen, Norton A. Colvin, Jr., Rodriguez, Colvin & Chaney, Brownsville, for real parties in interest.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and DORSEY, JJ.

### OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This original mandamus proceeding involves the right of a judgment creditor, by way of a turnover proceeding, to reach personal property that is in the ostensible possession and control of a third party to which it has allegedly been fraudulently conveyed. International Paper Company (IPC), a third party joined to the turnover proceeding below and the relator here, complains that its right to possession of the property may not be litigated in a turnover proceeding ancillary to the original suit to which it was not a party. Because we hold that IPC has an adequate remedy by appeal, we deny mandamus relief.

Alexander and Karen Grassi recovered a $21,000,000.00 final judgment against Ciba–Geigy PLC for personal injuries. By their First Amended Application for Turnover Relief, the Grassis first joined IPC as a third party against which they sought to execute their judgment. The Grassis alleged that their judgment debtor had fraudulently transferred its shares of Ilford Photo Corporation stock to IPC in order to avoid having

the shares taken in satisfaction of the judgment. The Grassis asked that the trial court hold the fraudulent transfer void under the provisions of the Uniform Fraudulent Transfer Act, and order IPC to turn over its shares of Ilford stock to the Cameron County Sheriff for execution and sale to the extent necessary to satisfy the judgment. IPC answered and specially excepted to the application for turnover relief on the grounds 1) that the turnover statute may not be used to adjudicate a claim of fraudulent conveyance against a third party to the original judgment, and 2) that the turnover statute is limited to property within the ownership, possession or control of the judgment debtor. The trial court heard and denied IPC's special exceptions. By the present mandamus action, IPC contends that the trial court abused its discretion by denying the special exceptions and asks this Court to order the trial court to vacate its order and to dismiss the fraudulent conveyance action brought against it.

 Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Generally, the courts of appeals lack jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal. *See Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954 (Tex.1990); *Abor v. Black*, 695 S.W.2d 564, 566 (Tex.1985). Specifically, the ruling of a trial judge on special exceptions is a mere incident in the normal trial process, and if the ruling is incorrect, the aggrieved party has a remedy by appeal to correct the incidental ruling. *Hill v. Lopez*, 858 S.W.2d 563, 565 (Tex.App.—Amarillo 1993, orig. proceeding).

The turnover statute, TEX.CIV.PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986), provides a method for the judgment creditor to reach nonexempt property owned by the judgment debtor that cannot readily be attached or levied on by ordinary legal process, pursuant to which the court may "order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control."

Although it is generally true that Texas courts do not apply the turnover statute to non-judgment debtors, *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 227 (Tex. 1991); *Republic Insurance Co. v. Millard*, 825 S.W.2d 780, 782 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding), under certain circumstances an action under the turnover statute may be brought against parties other than the judgment debtor in order to assist the judgment creditor in subjecting the judgment debtor's nonexempt property to satisfaction of the underlying judgment. *Schultz v. Fifth Judicial District Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991). The turnover order acts as a mandatory injunction against the judgment debtor and, if there are such parties, against the receiver and any third parties interested in the property rights being adjudicated. These third parties potentially aggrieved by the order have a right to appellate review of the order to protect their affected property interests. *Id.*

Because third parties like IPC have a right of appeal from a turnover proceeding brought against them, we do not believe that the trial court's incidental ruling against it on the special exception is reviewable by mandamus. *See Bell Helicopter Textron*, 787 S.W.2d at 755; *Abor*, 695 S.W.2d at 566; *Hill*, 858 S.W.2d at 565.[1]

Accordingly, we deny the petition for writ of mandamus.

---

1. We disagree with *Republic Insurance Co. v. Millard*, 825 S.W.2d 780, 782 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding), to the extent that it suggests that mandamus is an appropriate remedy to review the trial court's inclusion of a third party to the underlying judgment as a party defendant for the first time in a post-judgment turnover proceeding. Clearly, under the rationale of *Schultz*, the third party has an adequate remedy by appeal.