Richard P. DALE, Appellant,

v.

FINANCE AMERICA CORPORATION,
Appellee.

Richard P. DALE and Barbara
Dale, Appellants,

v.

Frederick ELMORE, M.D., individually,
and on behalf of the Frederick A. El-
more, M.D. Inc. Money Purchase Pen-
sion Plan and The Frederick A. Elmore,
M.D., Inc. Profit Sharing Plan, Appel-
lees.

Nos. 2–95–217–CV, 2–95–233–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 8, 1996.

Rehearing Overruled Sept. 12, 1996.

**496**

J. Shelby Sharpe, Stan Tilman, Sharpe & Spurlock, Fort Worth, for Appellant.

Sheldon Anisman, Simon, Anisman, Doby & Wilson, Fort Worth, for Finance America Corp.

Mack Ed Swindle, David R. Childress, Thomas F. Harkins, Jr., Michener Larimore Swindle Whitaker Flowers Sawyer Reynolds & Chald, L.L.P., Fort Worth, for Frederick A. Elmore, et al.

Before DAUPHINOT, RICHARDS and HOLMAN, JJ.

## OPINION

DAUPHINOT, Justice.

Appellants Richard and Barbara Dale appeal the trial court's consolidated turnover order and order appointing a receiver. In four points of error, the Dales contend that the trial court abused its discretion in ordering fifteen items turned over, in appointing a receiver, and in awarding attorneys' fees.[1] We affirm.

Appellees Finance America Corporation and Dr. Frederick Elmore each filed applications for turnover and receivership in Tarrant County against judgment debtor Richard Dale in the summer of 1995. Finance America's application indicated that Dale owed it more than $700,000, while Dr. Elmore's judgment against Dale was for in excess of $400,000. The trial court agreed to consolidate the application hearings.

After a full hearing the trial court granted Finance America and Dr. Elmore's application, ordered the Dales to turn over the specified property, appointed John Broude as receiver, and awarded the recovery of attorneys' fees for both judgment creditors. The trial court's turnover order listed fifteen items of property to turn over:

1. Membership in Rivercrest Country Club;

2. Membership in Shady Oaks Country Club;

3. Money or assets held by Americas Insurance Marketing Services Inc., a

---

1. The Dales do not contend separately that the trial court abused its discretion in appointing a receiver and in awarding attorneys' fees. With regard to those points, the Dales only argue that if the trial court erred in granting the turnover order, then it would follow that the judgment creditors would not be entitled to either the appointment of a receiver or attorneys' fees.

Texas corporation, ("AIMS") or due to it from other insurance companies;

4. Money or assets included in any Vanuatu trust which either of the Dales own;

5. Money or assets received by either Dale as beneficiary or payee of any Vanuatu trust;

6. All stock and corporate records of Americas Insurance Marketing Services Inc.;

7. Stock of any other corporations;

8. All stock and corporate records of Herd Corporation;

9. Animal trophies and sabre collection;

10. The present and future receipts and receivables of any business entity or relationship that RICHARD P. DALE is currently involved in, or that has been invested by Richard P. Dale in the past, including but not limited to, AIMS;

11. All records relating to, including any funds or interest in an entity known as Alpha Beta;

12. All records relating to, including any funds or interest in an entity known as Laba;

13. All interest in and records of any investment in Mexico or other foreign countries;

14. All records pertaining to the any [sic] Texas Commerce Bank certificates of deposit;

15. All other non-exempt property.

■ The Texas "turnover" statute, codified at section 31.002 of the Texas Civil Practice and Remedies Code, is a procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process.[2] Under the statute, the court may "order the judgment debtor to° turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution."[3] Importantly, the court may also "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment."[4]

■ The trial court's order imposing turnover and appointing a receiver is reviewed under an abuse of discretion standard, such that the trial court may be reversed only if we find the court acted in an unreasonable or arbitrary manner, without reference to any guiding rules and principles.[5] The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred.[6] An abuse of discretion does not occur where the trial court bases its decision on conflicting evidence.[7] Additionally, an abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision.[8]

■ In a trial to the court where no findings of fact or conclusions of law are requested or filed, the judgment of the trial court implies all necessary findings of fact in support of it.[9] Where a complete statement of facts appears in the record, however, these implied findings are not conclusive and an appellant may challenge them by raising both legal and factual sufficiency of the evidence

2. TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(a)(1) (Vernon 1986); *Beaumont Bank N.A. v. Buller,* 806 S.W.2d 223, 224 (Tex.1991).

3. TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(b)(1) (Vernon 1986).

4. *Id.* § 31.002(b)(3).

5. *Buller,* 806 S.W.2d at 226.

6. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

7. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978).

8. *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

9. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990); *In re W.E.R.,* 669 S.W.2d 716, 717 (Tex. 1984).

points.[10] But where the implied findings of fact are supported by the evidence, it is the duty of the appellate court to uphold the judgment on any theory of law applicable to the case.[11] This is so regardless of whether the trial court articulates the correct legal reason for the judgment.[12]

On appeal the Dales contend that the trial court abused its discretion in granting the turnover order because (1) the turnover statute does not apply to Barbara Dale, a nonjudgment debtor; (2) the judgment creditors failed to prove that Richard Dale had possession or control over any of the listed property in the order; (3) the judgment creditors failed to establish the nonexemption of several items listed in the order; and (4) several items contained in the order reference entities that are not the judgment debtor. Specifically, then, the Dales assert that items four and five in the turnover order are in error to the extent that they apply to Barbara Dale. The Dales also maintain that the rest of the items listed in the turnover order are improper because they involve assets that have not been proven to be owned by Richard Dale and subject to his possession or control. Additionally, the Dales assert that item nine (the animal trophies and sabre collection) is improper because the judgment creditors failed to establish that the property was nonexempt.

■ The Dales correctly state that only property owned by the *judgment debtor* that cannot readily be attached or levied on by ordinary legal process and *is not exempt* may be subject to a turnover order.[13] Additionally, the Dales cite this court to the general rule that Texas courts do not apply the turnover statute to nonjudgment debtors.[14]

■ Importantly to the case before us, Texas case law has recognized a limited exception to the general rule and found that in certain circumstances a turnover order may be against parties other than the judgment debtor:

Although it is generally true that Texas courts do not apply the turnover statute to non-judgment debtors, under certain circumstances an action under the turnover statute may be brought against parties other than the judgment debtor in order to assist the judgment creditor in subjecting the judgment debtor's nonexempt property to satisfaction of the underlying judgment.[15]

The courts have held that in circumstances where a third party retains property, "if it is shown to be non-exempt, owned by a judgment debtor and subject to the debtor's possession or control, the trial court may issue and enforce its turnover order [against that third party]." [16]

■ Additionally, the Texas Supreme Court in *Buller* held that once the judgment creditor traced the assets to the judgment debtor, "a presumption arose that those assets were in her possession" and the burden then shifted to the judgment debtor to account for the assets.[17] Similarly, if a party claims that an asset is exempt, it is that

10. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989).

11. *Worford*, 801 S.W.2d at 109; *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987).

12. *Harrington v. Railroad Comm'n*, 375 S.W.2d 892, 895 (Tex.1964); *Marifarms Oil & Gas, Inc. v. Westhoff*, 802 S.W.2d 123, 125 (Tex.App.—Fort Worth 1991, no writ).

13. Tex.Civ.Prac. & Rem.Code Ann. § 31.002 (Vernon 1986).

14. *Buller*, 806 S.W.2d at 227; *Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 783 (Tex.App.— Houston [14th Dist.] 1992, no writ).

15. *Int'l Paper Co. v. Garza*, 872 S.W.2d 18, 19 (Tex.App.—Corpus Christi 1994, no writ); *see also Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex.1991).

16. *Norsul Oil & Min. Ltd. v. Commercial Equip. Leasing Co.*, 703 S.W.2d 345, 349 (Tex.App.—San Antonio 1985, no writ); *see also Daniels v. Pecan Valley Ranch, Inc.*, 831 S.W.2d 372, 384 (Tex. App.—San Antonio, writ denied), *cert. denied*, 508 U.S. 965, 113 S.Ct. 2944, 124 L.Ed.2d 692 (1993); *Detox Indust., Inc. v. Gullett*, 770 S.W.2d 954, 957–58 (Tex.App.—Houston [1st Dist.] 1989, no writ).

17. *Buller*, 806 S.W.2d at 226.

party's burden to prove that it is exempt.[18]

In the case before us, the record from the hearing establishes that the judgment creditors were able to trace the assets listed in the turnover order back to Richard Dale and to demonstrate that the items were subject to his control, including those currently held by third parties. Because the Dales offered no evidence at the hearing, they were unable to rebut the presumption that Richard Dale possessed the turnover items once the judgment creditors traced the assets to him. We also find that the Dales failed to carry the burden of establishing the existence of an exemption for the animal trophies and sabre collection (item nine). The record supports the trial court's conclusion that the judgment creditors were able to trace those assets to Richard Dale, yet that he never demonstrated an entitlement to an exemption.

Furthermore, despite one of the trusts bearing Barbara Dale's name, the Vanuatu trusts (listed in items four and five) were shown to contain community property and to be subject to Richard Dale's possession or control. Richard Dale's control over the trusts was shown through Barbara's testimony that Richard "helps" her file the petitions to the trustees for distributions. Richard's control over the trusts is also demonstrated by the fact that the Vanuatu trusts have apparently funneled more than one million dollars to Richard and his various companies.

With regard to item three, we hold that the Dales lack standing to complain on appeal for the Americas Insurance Marketing Services Inc. (AIMS) of the turnover order. Item three was ordered directly against AIMS, stating "Money or assets held by Americas Insurance Marketing Services Inc., a Texas Corporation, ('AIMS') or due to it from other insurance companies." Therefore, only AIMS could complain of that portion of the order.[19]

Based on the evidence before it, the trial court found that the property was owned by the judgment debtor and subject to Richard Dale's control. We overrule the Dales' points of error and affirm the judgment of the trial court.

---

18. *Jacobs v. Adams*, 874 S.W.2d 166, 167 (Tex. App.—Houston [14th Dist.] 1994, no writ); *Rucker v. Rucker*, 810 S.W.2d 793, 796 (Tex.App.— Houston [14th Dist.] 1991, writ denied).

19. *Copher v. First State Bank of Pittsburg, Texas,* 852 S.W.2d 738, 740 (Tex.App.—Fort Worth 1993, no writ); *see also Int'l Paper Co.,* 872 S.W.2d at 19 (third parties have a right to appeal from a turnover order against them).