IN RE WATSON

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-342-CV

IN RE RELATOR

JOE DAVID WATSON

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

This mandamus arises from the divorce of Joe Watson and Merrie Watson.  Joe complains that the trial court improperly ordered the district clerk to turn over his cash bond from an earlier habeas corpus proceeding to his ex-wife.  A time line is the easiest way to understand Joe’s complaint:

November 12, 2003 Trial court signed a final decree of divorce and ordered Joe to pay $31,000 in attorney’s fees to Merrie.

April 26, 2005 Trial court held Joe in contempt for failing to pay the attorney’s fees and sent him to jail.

May 9, 2005 Joe filed a petition for writ of habeas corpus in this court.

May 11, 2005 We ordered Joe released on $5,000 bond pending resolution of his habeas petition.

May 19, 2005 Joe’s brother posted a $5,000 cash bond for Joe.

July 7, 2005 We granted the writ of habeas corpus, discharged Joe, and ordered his bond released.

July 12, 2005 Merrie filed an application for a turnover order in the trial court asking that Joe’s bond be released to her.

August 31, 2005 The trial court ordered the district clerk to release Joe’s bond money to Merrie.

September 27, 2005 Joe filed this mandamus proceeding seeking to compel the trial court to vacate the turnover order.

Discussion

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.  
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  Mandamus relief is usually not available if the order complained of is appealable because an appeal is almost always an adequate remedy at law.  
Republican Party of Texas v. Dietz
, 940 S.W.2d 86, 88 (Tex. 1997) (orig. proceeding).  But when a trial court’s order is void for lack of jurisdiction, the trial court has abused its discretion, and the relator need not show that it does not have an adequate remedy by appeal.  
In re Sw. Bell Co.
, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

A turnover order is a final, appealable order.
  Burns v. Miller, Hiersche, Martens & Hayward, P.C.
, 909 S.W.2d 505, 506 (Tex. 1995).  Mandamus relief is nonetheless appropriate in some circumstances, but those circumstances are not presented by this case.  
See
, 
e.g.
, 
In re Hamel, 
No. 04-05-00359-CV, 2005 WL 2216584, at *2 (Tex. App.—San Antonio September 14, 2005, orig. proceeding) (holding mandamus appropriate when turnover order was based on judgment previously declared void by appellate court); 
In re Alsenz
, 152 S.W.3d 617, 621 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding) (holding mandamus appropriate when trial court ordered supersedeas bond turned over to nonparties and relator’s compliance with order would have extinguished his right to appeal); 
Plaza Court, Ltd. v. West,
 879 S.W.2d 271, 275 (Tex. App.—Houston [14 Dist.] 1994, orig. proceeding) (holding mandamus appropriate remedy when turnover order directed nonparty corporation to turn over assets to receiver in satisfaction of judgment against corporation’s shareholder).

Joe argues that he is entitled to a writ of mandamus because (1) the trial court lacked jurisdiction to make the turnover order because this court had exclusive jurisdiction over the bond money, (2) mandamus is appropriate to enforce our own order releasing the bond, and (3) return of the bond money was a ministerial act and the money could not be applied to satisfy the judgment.

We conclude that the trial court did have jurisdiction to issue the turnover order.  A trial court has the inherent power (and thus jurisdiction) to “cause its judgments and decrees to be carried into execution.”  
Tex. R. Civ. P
. 308; 
Bridas Corp. v. Unocal Corp
., 16 S.W.3d 887, 889 (Tex. App.—Houston [14th Dist.] 2000, pet. dism’d w.o.j.).  Moreover, the turnover statute provides that a judgment creditor may apply for a turnover order in the same proceeding in which the judgment is rendered or in an independent proceeding, thus effectively extending the trial court’s jurisdiction to issue a turnover order even to a new proceeding brought for that purpose.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 31.002(d) (Vernon 2003).

To the extent that Joe argues that the trial court lacked jurisdiction to order the clerk to pay the bond money to Merrie because it is inconsistent with this court’s order releasing his bond, we disagree for two reasons.  First, our order and judgment of July 7 says only that Joe’s “bond is released”; it does not order the clerk to pay the bond money directly to Joe.  Second, the trial court would have jurisdiction to issue a turnover order directing 
Joe
 to hand over the bond money to Merrie as soon as he received it from the clerk; ordering the 
clerk
 to turn the money directly over to Merrie is an appropriate shortcut.  When a third party holds property subject to a debtor’s possession or control, the trial court may issue and enforce a turnover order against the third party.  
Dale v. Fin. Am. Corp.
, 929 S.W.2d 495, 498 (Tex. App.—Fort Worth 1996, writ denied).

Conclusion

We conclude that Joe is not entitled to mandamus relief because he has an adequate remedy by normal appeal from the turnover order.  We deny his petition for writ of mandamus.

PER CURIAM

PANEL B: GARDNER, HOLMAN, and MCCOY, JJ.

DELIVERED:  October 27, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.