In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-332 CV


____________________



RAJEN DESAI, M.D., Appellant



V.



MARY GARCIA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE


OF THE ESTATE OF MELANY AVILA, DECEASED, Appellee






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-175506






MEMORANDUM OPINION


 Appellee Mary Garcia (1) sued appellant Rajen Desai, M.D. and other defendants for
alleged medical malpractice. Desai filed a motion to dismiss that challenged Garcia's expert
report. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(l) (Vernon Supp. 2006). The trial
court granted Desai's motion to dismiss, but gave Garcia thirty days to provide another report
that met the requirements of section 74.351. See Tex. Civ. Prac. & Rem. Code Ann. §
74.351. Garcia filed a report from a second expert. The trial court vacated its previous order
dismissing Garcia's claim and accepted the second report as a supplement to the first report. 
We affirm.

Background


 Garcia alleged that the negligence of Desai (2) and other defendants caused the death of
Garcia's twenty-year-old mentally retarded daughter, Melany Avila, who resided at a long-term care facility. Garcia asserted that Avila was prescribed Zyprexa (Olanzapine), which
is an antipsychotic drug, and Lithium, which is a drug used to treat bipolar and manic-depression disorder. Garcia alleged that Avila died of Olanzapine toxicity on September 2,
2003. Garcia asserts that Desai and the other defendants were negligent in their care of
Avila, and that their negligence proximately caused Avila's death.

 On February 28, 2006, Garcia filed a "Second Addendum" to the expert report by
toxicologist Dr. Thomas L. Kurt. (3) This addendum specifically identified Desai and other
individual defendants as "[t]hose providing [Avila] physician care, as in her diagnoses,
prescriptive physician orders for medications and laboratory test ordering or the lack thereof
for therapeutic drug monitoring. . . ." Desai filed a motion to dismiss on April 5, 2006. In
his motion to dismiss, Desai asserted for the first time that Dr. Kurt's report was statutorily
insufficient.

 The trial court initially entered an order that granted Desai's motion to dismiss and
afforded Garcia thirty days to file a statutorily-sufficient report. Garcia then filed a report
by a second expert, Dr. Charles A. Zapf. The trial court vacated the portion of its previous
order that granted Desai's motion to dismiss. The trial court also accepted Dr. Zapf's report
"as a supplement to" Dr. Kurt's report and stated, "the cause shall proceed against RAJEN
DESAI, M.D." (4) Desai then filed this appeal, in which he raises two issues for our
consideration.

Analysis


 In his second issue, Desai asserts the trial court erred in concluding that Garcia
"produced an expert report in compliance with § 74.351(a) of the Texas Civil Practice and
Remedies Code[.]" Because issue two is dispositive, we address it first.

 We review the trial court's decision under an abuse of discretion standard. See Am.
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001). "A trial
court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference
to any guiding rules or principles." Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex.
2002). A trial court also abuses its discretion if it fails to analyze or apply the law correctly. 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). However, a trial court does not abuse
its discretion merely by deciding a discretionary matter differently than an appellate court
would in a similar circumstance. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
242 (Tex. 1985).

 Section 74.351(a) of the Texas Civil Practice and Remedies Code provides, in
pertinent part: "Each defendant physician or health care provider whose conduct is
implicated in a report must file and serve any objection to the sufficiency of the report not
later than the 21st day after the date it was served, failing which all objections are waived." 
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2006). Section 74.351(a)
does not provide a mechanism by which the trial court may grant the physician an extension
of time to file objections to the sufficiency of the report. See id. As discussed above, Garcia
served a "Second Addendum" to Kurt's report on February 28, 2006, and this report
implicated Desai. However, Desai did not file his motion to dismiss until April 5, 2006. 
Desai's motion to dismiss was filed more than twenty-one days after Garcia served Kurt's
report on Desai, and the record does not reflect that Desai filed any objections to the report
prior to this motion to dismiss. (5) See id.

 Desai asserts that Garcia "waived any condition precedent imposed on Dr. Desai by
failing to bring the matter to the trial court's attention. . . ." Desai's brief also interprets
Garcia's brief as raising a cross point on the issue of whether Desai's objections were timely,
and Desai maintains that Garcia's "cross point does not comply with rule 25.1(c) or case law
on point." Desai also argues that Garcia attempts to attack part of the trial court's vacated
order granting Desai's motion to dismiss while retaining the benefit of the thirty-day
extension previously granted by the trial court. We disagree. "A party who seeks to alter the
trial court's judgment or other appealable order must file a notice of appeal. . . . The
appellate court may not grant a party who does not file a notice of appeal more favorable
relief than did the trial court except for just cause." Tex. R. App. P. 25.1(c). The trial court's
order vacated only the portion of its previous order that granted Desai's motion, leaving the
other provisions of the prior order intact. Garcia, as the appellee, does not seek to alter the
trial court's judgment that vacated the granting of Desai's motion to dismiss and ordered that
the cause would proceed against Desai. Rather, Garcia seeks to uphold the trial court's
judgment; it is Desai who seeks to alter it. Therefore, Garcia was not required to file a notice
of appeal. See id.

 When, as here, the trial court does not file findings of fact and conclusions of law, 
we must affirm the trial court's judgment if it is correct under any theory of law applicable
to the case, regardless of whether the trial court articulates the correct legal reason for its
judgment. See Still v. Eastman Chem. Co., 170 S.W.3d 851, 853 (Tex. App.--Texarkana
2005, no pet.) (citing Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978) and 2300, Inc. v. City
of Arlington, Tex., 888 S.W.2d 123, 126 (Tex. App.--Fort Worth 1994, no writ)); Dale v.
Finance Am. Corp., 929 S.W.2d 495, 498 (Tex. App.--Fort Worth 1996, writ denied) (citing
Harrington v. Railroad Comm'n, 375 S.W.2d 892, 895 (Tex. 1964) and Marifarms Oil &
Gas, Inc. v. Westhoff, 802 S.W.2d 123, 125 (Tex. App.--Fort Worth 1991, no writ)). Here,
it is apparent from the record that Desai did not timely file his objections to Kurt's report. 
Although Garcia apparently did not assert before the trial court that Desai's objections were
untimely, the trial court could have considered that fact in vacating its order granting Desai's
motion to dismiss. Because Desai's objections were not timely filed, and were therefore
waived, the trial court did not abuse its discretion when it denied Desai's motion to dismiss. 
See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a); Univ. of Tex. Sw. Med. Ctr. v. Dale,
188 S.W.3d 877, 879 (Tex. App.--Dallas 2006, no pet.). We overrule issue two. Because
of our disposition of issue two, we need not reach Desai's first issue. (6) We affirm the trial
court's judgment.

 AFFIRMED.



 STEVE MCKEITHEN

 Chief Justice




Submitted on November 9, 2006

Opinion Delivered December 14, 2006


Before McKeithen, C.J., Gaultney and Kreger, JJ. 



DISSENTING OPINION



 I respectfully dissent. The record does not establish waiver was pled or argued in the
trial court. Appellant's motion to dismiss was tried by implied consent of the parties. See
Tex. R. Civ. P. 67. Furthermore, this Court in a companion case regarding another defendant
has ruled Dr. Kurt's report by itself inadequate, which seems consistent with the trial court's
ruling in this case. See Hababag v. Garcia, No. 09-06-136 CV, 2006 Tex. App. LEXIS
9183, at *9-10 (Tex. App.--Beaumont October 26, 2006, no pet. h.). The issue in this appeal
is whether the report of Dr. Zapf cured the deficiencies of Dr. Kurt's report. Appellant
timely filed objections to Dr. Zapf's report within twenty-one days of service. The trial
court nevertheless ruled the report adequately supplemented Dr. Kurt's report. I would
address the merits of appellant's issues rather than find waiver.


 ______________________________

 DAVID GAULTNEY

 Justice


Dissent Delivered

December 14, 2006 
1. Garcia sued individually and as personal representative of the estate of decedent
Melany Avila.
2. Garcia's second amended petition, which was filed on November 1, 2005, added
Desai as a defendant.
3. Dr. Kurt's original report was dated June 21, 2005.
4. We interpret the trial court's statement in its order that the cause against Desai would
proceed as a denial of Desai's motion to dismiss. At the hearing on Desai's motion to sever,
the trial court stated, "At this point I decline to grant the motion to dismiss."
5. Garcia's response to Desai's motion to dismiss did not point out that Desai's
objections to Kurt's report were not timely filed.
6. Desai's first issue asserted the trial court erred in allowing Zapf's report as a
supplement to Kurt's report.