**Conditionally GRANT; and Opinion Filed February 12, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00049-CV

### IN RE CATHERINE KARLSENG, Relator

**Original Proceeding from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-08-14206-K**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Relator, Catherine Karlseng, filed this mandamus proceeding after the trial court rendered a turnover order requiring her to turn over certain income that she receives from the law firm where her husband Robert Karlseng, the judgment debtor, works. We conditionally grant relief.

### BACKGROUND

This petition for writ of mandamus arises from a turnover proceeding following the trial court's rendition of summary judgment against Robert Karlseng for the unpaid principal, interest, and charges on a promissory note. Catherine Karlseng was not a party in the case. After attempting a variety of means to identify executable property owned by Robert Karlseng, Wells Fargo Bank, N.A.[1], the party seeking to enforce the judgment and real party in this proceeding,

---

[1] Catherine Karlseng argues that Wells Fargo is not the proper party to enforce the judgment in this case because the judgment was in favor of Wachovia Bank, National Association. Because we conclude that the issuance of a turnover order against Catherine Karlseng was improper in a proceeding in which she was not joined as a party, we need not reach this issue.

filed an application for a turnover order, the appointment of a receiver, and a temporary restraining order pursuant to Section 31.002(b)(3) of the Texas Civil Practice and Remedies Code. During the course of the proceedings on the turnover order, Wells Fargo sought to establish that while Robert Karlseng is nominally an employee of the professional corporation where he is a named principal and works as a lawyer, he is actually an independent contractor. Wells Fargo further sought to establish that while Catherine Karlseng is also nominally employed by the same law firm, she does not do any work for the firm and receives wages only by virtue of Robert Karlseng's work at the firm. Wells Fargo argued that the amounts Catherine Karlseng receives from the firm are actually Robert Karlseng's income held on his behalf by Catherine Karlseng. Wells Fargo argued that all of the proceeds that the Karlsengs receive from the law firm, whether paid to Robert Karlseng or Catherine Karlseng, are not wages, which are exempt from execution under Texas law, but rather are subject to execution as the proceeds from Robert Karlseng's work as an independent contractor.

After reviewing extensive briefing and argument and conducting several evidentiary hearings on the application for turnover, the trial court rendered an order requiring Catherine Karlseng to turn over "all income and other amounts derived by Catherine Karlseng, directly or indirectly, from Defendant's work as a lawyer and his law firm" and to further turn over a variety of assets related to that income. Catherine Karlseng then brought this mandamus proceeding. Robert Karlseng is not a party to the petition for writ of mandamus.

## AVAILABILITY OF MANDAMUS REVIEW

*Standard of Review*

To obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that she has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833,

–2–

839-40 (Tex. 1992) (orig. proceeding).  A trial court has "no 'discretion' in determining what the law is or applying the law to facts."  *In re Prudential*, 148 S.W.3d at 135 (*quoting Walker*, 827 S.W.2d at 840).

*Adequacy of Appeal*

Wells Fargo argues first that Catherine Karlseng is not entitled to relief because she has an adequate remedy by appeal.  As between the judgment debtor and the judgment creditor, a turnover order is a final, appealable judgment. *See Davis v. West,* 317 S.W.3d 301, 309 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995).

Third parties also have a right to appeal turnover orders to "protect their affected property interests."  *Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 739 n.3 (Tex. 1991) (dictum), *abrogated on other grounds, In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004); *see also Gerjets v. Davila*, 116 S.W.3d 864, 869-70 (Tex. App.—Corpus Christi 2003, no pet.). Texas Courts of Appeals disagree, however, on whether appeal is the *only* appropriate remedy for attacking an improvidently granted turnover order rendered against a third party.  *Compare Plaza Court, Ltd. v. West*, 879 S.W.2d 271, 276-77 (Tex. App.—Houston [14th Dist.] 1994, no writ) (mandamus appropriate where turnover order authorized receiver to dispose of assets of third party); *Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 783 (Tex. App.—Houston [14th Dist.] 1992, no writ) (third party lacked adequate remedy by appeal) *with Int'l Paper Co. v. Garza*, 872 S.W.2d 18 (Tex. App.—Corpus Christi 1994, no writ) (mandamus denied because third party had an adequate remedy by appeal).

Whether an appellate remedy is adequate depends heavily on the circumstances presented. *In re Prudential*, 148 S.W.3d at 136–37; *In re Estate of Hutchins*, 391 S.W.3d 578, 583 (Tex. App.—Dallas 2012, orig. proceeding).  Mandamus review is not justified simply

because an appeal would arguably involve more cost or delay than mandamus. *Walker*, 827 S.W.2d at 842. But this case does not involve a complaint simply that appeal would involve a costly delay in the resolution of Catherine Karlseng's complaints. Rather, in this case she asserts that the receiver has frozen her bank account and refuses to disclose whether her funds are still being held in her bank account or whether they have been disposed of in some other fashion. She contends that she has been unable to pay her living expenses and that checks she has written from her checking account have been returned for insufficient funds. A complaint that a turnover action will permanently impact the rights of a third party is not a complaint about the delay or expense associated with appeal. *Plaza Court*, 879 S.W.2d at 276-77.

Here, Wells Fargo argues that Catherine Karlseng has an adequate remedy on appeal because she can supersede execution of the judgment against her assets and obtain appellate review. We disagree. A judgment debtor can supersede a turnover order to suspend its enforcement of the judgment. *Schultz,* 810 S.W.2d at 739 n.3; Elaine A. Carlson, *Reshuffling the Deck: Enforcing and Superseding Civil Judgments on Appeal After House Bill 4*, 46 S. Tex. L. Rev. 1035, 1062 (2005). But that does not necessarily mean the same path provides an adequate remedy in all circumstances for a non-party to the underlying judgment who has been ordered to turn over property in which the non-party claims an ownership interest. The provisions of the Texas Rules of Appellate Procedure and the Texas Civil Practice & Remedies Code concerning supersedeas bonds apply expressly to judgment debtors. Tex. R. App. P. 24.1(a); Tex. Civ. Prac. & Rem. Code Ann. §52.006(b). A supersedeas bond is security for delay in enforcing the judgment against the judgment debtor. *Universe Life Ins. Co. v. Giles*, 982 S.W.2d 488, 493 (Tex. App.—Texarkana 1998, pet. denied); *Weber v. Walker*, 591 S.W.2d 559, 563 (Tex. Civ. App.—Dallas 1979, no writ); *Mudd v. Mudd*, 665 S.W.2d 128, 130 (Tex. App.— San Antonio 1983, no writ); *see generally* Elaine A. Carlson*, Mandatory Supersedeas Bond*

*Requirements-A Denial of Due Process Rights*?, 39 BAYLOR L. REV. 29, 61 (1987). Catherine Karlseng is not a judgment debtor in this case and cannot be required to supersede the judgment to prevent execution against her assets. Accordingly, mandamus lies for her to seek relief from the turnover order that purports to allow execution against assets she claims are hers.

## ENFORCEMENT OF TURNOVER ORDER AGAINST NON-PARTY

The legislature's purpose in enacting the turnover statute was to facilitate the collection of assets from judgment debtors. *Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 783 (Tex. App.—Houston [14th Dist.] 1992, no writ). But "Texas courts do not apply the turnover statute to non-judgment debtors," *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 227 (Tex. 1991) (representative of estate could not be ordered to turn over property she possessed in her individual capacity), and we have said that a trial court may not adjudicate third party ownership claims in a turnover proceeding. *Turner Bros. Trucking, L.L.C. v. Baker*, 396 S.W.3d 672, 675 (Tex. App.—Dallas 2013, no pet.) (turnover statute was not available to obtain relief from non-parties in their individual capacities). The turnover statute is purely procedural and does not allow for the determination of the substantive rights of third parties. *Cross, Kieschnick & Co. v. Johnston,* 892 S.W.2d 435, 439 (Tex. App.—San Antonio 1994, no writ) (turnover order could not be rendered against partners when underlying judgment involved corporation); *Republic Ins.*, 825 S.W.2d at 783 ( judgment creditor could not use turnover proceeding to force a third party to litigate a bad faith claim in court issuing turnover order); *Cravens, Dargan & Co. v. Peyton L. Travers Co.*, 770 S.W.2d 573, 576–77 (Tex. App.—Houston [1st Dist.] 1989, writ denied) (judgment creditor could not use turnover statute to reach funds held by State Board of Insurance); *United Bank Metro v. Plains Overseas Group, Inc.*, 670 S.W.2d 281, 284 (Tex. App.—Houston [1st Dist.] 1983, no writ) (judgment creditor who obtained judgment against individual was not entitled to turnover order against corporation). *But see Dale v. Fin. Am.*

*Corp.*, 929 S.W.2d 495, 498 (Tex. App.—Fort Worth 1996, writ denied) (adjudicating a claim that a trust was community property in a turnover proceeding); *Norsul Oil & Mining Ltd. v. Commercial Equip. Leasing Co.,* 703 S.W.2d 345, 349 (Tex. App.—San Antonio 1985, no writ) (determining whether judgment debtor had actually assigned and conveyed shares of stock to third party).

It is undisputed that Catherine Karlseng was not a party before the court in the underlying litigation and was not a judgment debtor. A judgment may be enforced against a non-party to the judgment only by bringing a separate suit alleging a basis for enforcing the judgment against that party. *In re Smith*, 192 S.W.3d 564, 568 (Tex. 2006) (judgment may not be amended to include an alter ego or any other nonjudgment debtor that was not named in the suit); *see also Custom Corporates, Inc. v. Sec. Storage, Inc.,* 207 S.W.3d 835, 840 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (neither a court's inherent authority to enforce a judgment nor the Texas Rules of Civil Procedure authorize joinder of parties post-judgment). As a result, the trial court could not order her to turn over property in which she claims an ownership interest without conducting proceedings in which she was a party and afforded the opportunity to assert her claim to that property. Accordingly, we **CONDITIONALLY GRANT** the relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its November 21, 2013 Order Granting Plaintiff's Designation of Assets (Related to Catherine Karlseng Received Income) for Turnover to Receiver and Granting Powers and Duties of Receiver.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

140049F.P05