**REVERSE and REMAND in part, AFFIRM in part; Opinion issued February 21, 2013**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

─────────────────────────────
### No. 05-10-00882-CV
─────────────────────────────

**TURNER BROS. TRUCKING, L.L.C., Appellant**

**V.**

**KRISTAL M. BAKER, INDIVIDUALLY AND D/B/A K&D LOGISTICS CO., CLIFFORD DWAYNE JACKS, INDIVIDUALLY AND D/B/A K&D LOGISTICS CO., S/W QUALITY HAY, LLC, AND C.D. JACKS, INC., Appellees**

═══════════════════════════════════════════════════════════════

**On Appeal from the 422nd District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 74068-422**

═══════════════════════════════════════════════════════════════

# OPINION

Before Justices Bridges, O'Neill, and Fillmore
Opinion By Justice Bridges

Turner Bros. Trucking, L.L.C. appeals the trial court's order granting in part Turner's application for a turnover order. In three issues, Turner argues the trial court abused its discretion in refusing to appoint a receiver, erred in concluding it lacked legal authority to order turnover of certain life insurance proceeds, and abused its discretion in failing to award attorney's fees. We reverse the trial court's denial of attorney's fees and remand for a determination of Turner's reasonable attorney's fees. In all other respects, we affirm the trial court's judgment.

In July 2007, Turner sued Kristal M. Baker, individually and d/b/a K&D Logistics Co.,

Clifford Dwayne Jacks, individually and d/b/a K&D Logistics Co., S/W Quality Hay, LLC, and C.D. Jacks, Inc., alleging claims of breach of contract, fraud, violations of the DTPA, theft of services, quantum meruit, unjust enrichment, conspiracy, alter ego, declaratory judgment, punitive damages, and sworn account claims. The petition alleged Baker and Jacks were co-owners of K&D and, among other things, acted as an agent for their clients in transporting goods and merchandise. In December 2006, Turner entered into a broker's agreement with Baker and Jacks, individually and doing business as K&D, a motor freight transport company. Under the terms of the agreement, Turner was to invoice approved customers for transportation services, receive payment, and pay K&D a commission. One customer was S/W Quality Hay. Among other things, Turner alleged S/W Quality Hay refused to pay Turner for transportation services because it considered itself K&D's customer, not Turner's customer. On February 23, 2009, the trial court entered an interlocutory summary judgment in favor of Turner awarding Turner damages on several of its claims, plus attorney's fees. Following the parties' working out of certain cross-claims, the trial court entered final judgment in favor of Turner against S/W Quality Hay, among others, on November 4, 2009.

In March 2010, Turner filed an application for turnover by which Turner sought to join, "whether by notice or other legal process," the former managers and members of S/W Quality Hay, identified as Janice Stevens, Richard Woods, and Shirley Woods. The application alleged post-judgment discovery revealed Janice Stevens, Richard Woods, and Shirley Woods had taken out life insurance policies on the lives of Richard Woods and Mark Stevens, the deceased husband of Janice Stevens. The application alleged the insurance policies were acquired with monies from S/W Quality Hay, but the members and managers agreed "to specifically have the policy on the life of Mark Stevens owned by Janice Stevens and the policy on Richard Woods, owned by Shirley

−2−

Woods, even though [S/W Quality Hay] was paying all of the premiums." In addition, the members and managers of S/W Quality Hay "had agreed at the time of the acquisition of the policies that Janice Stevens and Richard Woods would be the beneficiaries of the policy on Mark Stevens' life and Shirley Woods would be the beneficiary of the policy on Richard Woods' life." Shortly after the life insurance policies were acquired, Mark Stevens passed away, and the $500,000 death benefit was payable in the amounts of $300,000 to Janice Stevens and $200,000 to Richard Woods. The members and managers "divided up the proceeds of the policy, except that they used a small portion of the proceeds to pay off all the known creditors of [S/W Quality Hay], except [Turner]."

At the hearing on the turnover application, Turner argued the Woods paid $53,511.98 to trade creditors of S/W Quality Hay, and Janice Stevens paid off a tractor that belonged to the company and a truck that belonged to Richard Woods and was used by the company. Richard Woods then conveyed the truck to Janice Stevens. Turner argued the life insurance policy on Mark Stevens should have been "issued to the company," and the funds from the policy "should have been available as trust fund doctrines [sic] to pay creditors." Turner conceded that Janice Stevens, Richard Woods, and Shirley Woods "were not named as defendants prior to the time the judgment [against S/W Quality Hay] had been obtained and [had] not since been named as defendants." Turner argued the trial court was required to appoint a receiver because the relief Turner sought from Janice Stevens, Richard Woods, and Shirley Woods would "have to be sued for by the company, not by a creditor. Now, fraudulent transfer and alter ego a creditor can raise at any time, but the other causes of action can only be asserted by the company or a receiver appointed by the company against these individuals because those claims actually belong to the company."

Following the hearing, the trial court entered an order requiring the turnover of two desktop computers, a Kubota tractor, and a Chevrolet pickup truck, all property of S/W Quality Hay. The order further enjoined Janice Stevens, Richard Woods, and Shirley Woods from "dissipating, spending, disbursing or using" the proceeds from the insurance policy on Mark Stevens. Subsequently, the trial judge advised the parties that "the Texas turnover statute cannot be utilized to adjudicate the substantive property rights of the Third Parties (Ms. Stevens and Mr. And Mrs. Woods) with respect to the ownership of the subject insurance proceeds." The trial judge noted the following:

> that Plaintiff's judgment is against SW Quality Hay, LLC, not the Third Parties; that the Third Parties were not joined in this action prior to judgment becoming final; that the Third Parties are claiming an ownership interest in the insurance proceeds; and the Court is without authority to order non-judgment debtors to turn over funds in which they claim an interest.

This appeal followed.

In its first issue, Turner argues the trial court abused its discretion in refusing to appoint a receiver to pursue, or at least evaluate, legal claims on behalf of S/W Quality Hay against Janice Stevens, Richard Woods, and Shirley Woods. In its second issue, Turner argues the trial court erred in concluding it lacked legal authority to order turnover of the life insurance proceeds at issue and abused its discretion in failing to order such turnover.

A trial court's issuance of a turnover order, even if predicated on an erroneous conclusion of law, will not be reversed for abuse of discretion if the judgment is sustainable for any reason. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). A trial court's legal conclusions are reviewed de novo. *El Paso Nat. Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309,

312 (Tex. 1999). Texas courts do not apply the turnover statute to non-judgment debtors. *Beaumont Bank*, 806 S.W.2d at 227. Here, the trial court's original judgment imposed liability on S/W Quality Hay, among others. However, the judgment did not make Janice Stevens, Richard Woods, and Shirley Woods debtors in their individual capacities. Because Janice Stevens, Richard Woods, and Shirley Woods were not parties to the November 4, 2009 judgment, the turnover statute was not available to obtain relief from them in their individual capacities. *See id.* Under these circumstances, the trial court did not err in denying Turner relief under the turnover statute against Janice Stevens, Richard Woods, and Shirley Woods. *See id.* We overrule Turner's first and second issues.

In their third issue, Turner argues the trial court erred in failing to award its attorney's fees. Specifically, Turner argues it succeeded in obtaining turnover of "significant assets," and an award of attorney's fees was therefore mandatory under the turnover statute. A judgment creditor who obtains turnover relief is entitled to reasonable costs, including attorney's fees. *Daniels v. Pecan Valley Ranch, Inc.*, 831 S.W.2d 372, 386 (Tex. App.—San Antonio 1992, writ denied). Here, although Turner obtained turnover relief in the form of computers, a tractor, and a pickup truck, the trial court awarded Turner no attorney's fees. The record contains the affidavit of Turner's attorney stating $7500 was a reasonable and necessary attorney's fee for the services rendered in preparing the application for turnover order and other relief. However, as we have discussed, Turner is not entitled to turnover relief related to the insurance policy. The affidavit does not specify what part of the attorney's fees are attributable to the turnover relief obtained. Accordingly, we reverse the trial court's order to the extent it denied Turner an award of attorney's fees and remand for a determination of the amount of reasonable attorney's fees incurred by Turner for legal services related to the turnover relief obtained. We sustain Turner's third issue.

We reverse the trial court's denial of attorney's fees and remand for a determination of Turner's reasonable attorney's fees. In all other respects, we affirm the trial court's judgment.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE


100882F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TURNER BROS. TRUCKING, L.L.C.,, Appellant

No. 05-10-00882-CV      V.

KRISTAL M. BAKER, INDIVIDUALLY AND D/B/A K&D LOGISTICS CO., S/W QUALITY HAY, LLC, AND C.D. JACKS, INC., Appellees

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 74068-422.
Opinion delivered by Justice Bridges.
Justices O'Neill and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court denying Turner Bros. Trucking, L.L.C. an award of attorney's fees is **REVERSED** and this cause is **REMANDED** to the trial court for a determination of Turner Bros. Trucking, L.L.C.'s reasonable attorney's fees.   In all other respects, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 21, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE