**AFFIRMED and Opinion Filed January 26, 2023**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-01148-CV

**RICHARD A. BENAVIDES, Appellant**

**V.**

**ROSCOE F. WHITE III, GRANITE FAMILY iPROPERTIES, LLC, RYAN K. LURICH, AS TRUSTEE OF THE GRANITE FAMILY TRUST, TRI-PROPERTIES, LTD., AND EVOLV ARBITRAGE, LLC, Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-17459**

## MEMORANDUM OPINION
Before Justices Carlyle, Garcia, and Wright[1]
Opinion by Justice Wright

In this turnover proceeding, the trial court granted a plea to the jurisdiction filed by four non-parties. In three issues, the judgment creditor Richard A. Benavides challenges the trial court's order, contending that the trial court had continuing jurisdiction to enforce its judgment against appellee Roscoe F. White III. Because White does not own the property at issue and there has been no adjudication of the non-parties' substantive rights, we affirm the trial court's order.

---

[1] The Hon. Carolyn Wright, Justice, Assigned

## BACKGROUND

On March 2, 2020, appellant Richard A. Benavides obtained a final summary judgment in the amount of $1,884,044.55 on his claim for breach of contract against appellee Roscoe F. White, III. The judgment was rendered against White in his individual capacity.

When White failed to pay the amount due, Benavides sought orders from the trial court to support his collection efforts. Relevant to this appeal, on June 2, 2021, Benavides filed an ex parte application for turnover order alleging that White held "significant ownership interests in investment entities" Evolv Arbitrage, LLC (Arbitrage), Tri-Properties, Ltd. (Tri-Properties), and Evolv Health Master Distributor, LLC (Master Distributor). Benavides alleged that Arbitrage, Tri-Properties, and a third entity, Granite Family iProperties, LLC (GFiP), itself a member of the Master Distributor, "received significant distributions from entities that [White] owned or controlled."

Benavides further alleged that because White was a manager of these entities, he could "unilaterally determine" the amounts of distributions they made and where those distributions would be deposited. Benavides submitted his affidavit in support of his application, attaching exhibits including documentation reflecting that GFiP is owned 99 percent by the Granite Family Trust and one percent by White's minor child.

On June 10, 2021, the trial court signed an "Order Granting Plaintiff's Ex Parte Application for Turnover Order." Among other relief, the court ordered White, as the managing member of the Master Distributor and GFiP, to provide a sworn accounting of distributions made to certain entities including GFiP, Arbitrage, and Tri-Properties, and to "turn over to the Court's registry the funds in the GFiP Account."

On July 19, 2021, GFiP, Tri-Properties, Arbitrage, and Ryan K. Lurich, Trustee of the Granite Family Trust, filed a plea to the jurisdiction. Alleging that the trial court lacked jurisdiction to adjudicate their substantive rights, these four parties (Non-Parties) requested that the trial court reconsider its orders granting Benavides's ex parte applications for turnover and charging orders.

The trial court granted the Non-Parties' plea to the jurisdiction in an order dated November 10, 2021. This appeal followed.

**ISSUES AND STANDARDS OF REVIEW**

In three issues, Benavides argues the trial court erred by granting the Non-Parties' plea to the jurisdiction. In his first issue, he contends the trial court retained its jurisdiction to enforce its judgment against White.

In his second issue, Benavides argues that the Non-Parties cannot prevail on their plea to the jurisdiction "if any of the following statements are true": (1) the Non-Parties did not assert any jurisdictional facts that deprived the trial court of jurisdiction, (2) the Non-Parties failed to provide any evidence challenging the

–3–

jurisdictional facts asserted in the application for turnover order, (3) the Non-Parties failed to present any arguments for how or why the trial court purportedly lost its continuing jurisdiction to enforce its judgments, (4) the Non-Parties' plea to the jurisdiction only contained merits arguments that (i) Benavides did not meet requirements of the Texas turnover statute and (ii) the trial court improperly adjudicated the Non-Parties' property rights, (5) the Non-Parties admit that the trial court retained jurisdiction to enforce its judgment, and (6) the Non-Parties admit that their plea to the jurisdiction is not challenging the trial court's retained jurisdiction to enforce its judgment.

In his third issue, Benavides argues that "the purported failure to comply with the Texas Turnover statute" does not "deprive a court of its continuing jurisdiction to enforce its judgment."

We review the trial court's ruling on a plea to the jurisdiction under a de novo standard. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *City of Dallas v. Chicory Court Simpson Stuart, L.P.*, 271 S.W.3d 412, 416 (Tex. App.—Dallas 2008, pet. denied). If the plea challenges the sufficiency of the claimant's pleadings, the trial court must construe the pleadings liberally in the claimant's favor and deny the plea if the claimant has alleged facts affirmatively demonstrating jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226; *City of Dallas*, 271 S.W.3d at 416. If the pleadings are insufficient, the court should afford an opportunity to replead if the defects are potentially curable but may dismiss if the

pleadings affirmatively negate the existence of jurisdiction. *Miranda*, 133 S.W.3d at 226–27.

If the plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider relevant evidence submitted by the parties. *City of Dallas*, 271 S.W.3d at 416. If the evidence creates a fact question regarding jurisdiction, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact-finder. *Id.* But if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* "This standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* (internal quotation omitted).

This appeal also presents a question of statutory construction, which we review de novo. *Dallas Cty. Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 872 (Tex. 2005). We must construe statutes as written and, if possible, ascertain legislative intent from the statute's language. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). We must always consider the statute as a whole rather than its isolated provisions. *Id.*

## DISCUSSION

Benavides's issues all arise from his contention that the trial court's jurisdiction to enforce its judgment extends to his collection efforts against the Non-Parties. In his first issue, Benavides argues that the trial court had jurisdiction to

enforce its judgment. We agree that the trial court had continuing jurisdiction to enforce its judgment against White, the judgment debtor. *See Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982) (trial court has continuing jurisdiction to enforce its judgments). The supreme court has explained, however, that "Texas courts do not apply the turnover statute to non-judgment debtors." *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 227 (Tex. 1991); *see also Ex parte Swate*, 922 S.W.2d 122, 125 (Tex. 1996) (Gonzalez, J., concurring) ("Accordingly, we have held that the turnover statute does not authorize a court to issue orders against those who . . . are not judgment debtors or under the judgment debtor's control."); *Turner Bros. Trucking, L.L.C. v. Baker*, 396 S.W.3d 672, 674 (Tex. App.—Dallas 2013, no pet.) (citing *Beaumont Bank, N.A.*, 806 S.W.2d at 227). Consequently, the court's jurisdiction to enforce its judgment against White does not end the jurisdictional inquiry with respect to the Non-Parties.

In his second issue, Benavides argues the Non-Parties did not plead any facts or offer any evidence in support of their contention that the trial court lacked jurisdiction. There was no dispute, however, that the judgment against White was not rendered against the Non-Parties. Nor does Benavides contend that any rights of the Non-Parties were adjudicated in his suit against White. Benavides sought a turnover order based on his contention that there had been significant distributions of funds among entities White controlled, including the Non-Parties. As we explained in *In re Topletz*, however, "[t]urnover proceedings are limited to their

purely procedural nature, and the turnover statute does not authorize the trial court to determine the substantive rights of non-judgment debtors." No. 05-19-00547-CV, 2019 WL 4027076, at *3 (Tex. App.—Dallas Aug. 27, 2019, orig. proceeding) (mem. op.). Further, the turnover order was directed to funds in an account owned by GFiP, but Benavides's own evidence showed that White had no ownership interest in GFiP. On this record, the trial court could determine it lacked jurisdiction as a matter of law. *See City of Dallas*, 271 S.W.3d at 416 (if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court may rule on the plea to the jurisdiction as a matter of law).

In his third issue, Benavides argues the trial court's June 10, 2021 turnover order did not violate the turnover statute "because it did not adjudicate ownership" of the Non-Parties' property rights, and in any event, the turnover statute did not require him to prove that White owned the account in question. He contends that proof of White's control over the account is sufficient. He argues that although a prior version of the turnover statute required proof of ownership, the current version does not. We disagree.

When we construe a statute, our objective is to effectuate the Legislature's intent as we find it in the statute's text. *Broadway Nat'l Bank, Tr. of Mary Frances Evers Tr. v. Yates Energy Corp.*, 631 S.W.3d 16, 23 (Tex. 2021). We do not consider statutory provisions in isolation but rather seek their meaning from the statute as a whole. *Id.* at 23–24. We further presume the Legislature included each word in the

statute for a purpose and that words not included were purposefully omitted. *Id.* at 24. We rely on the plain meaning of the text unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results. *Id.*

Section 31.002 provides in relevant part:

(a)     A judgment creditor is entitled to aid from a court of appropriate jurisdiction . . . through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

(b)     The court may:

(1)     order the judgment debtor to turn over non-exempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;

(2)     otherwise apply the property to satisfaction of the judgment . . . .

TEX. CIV. PRAC. & REM. CODE § 31.002(a), (b)(1), (2).

In sum, subsection (a) permits a judgment creditor to obtain the court's aid in reaching property that "the judgment debtor *owns*." *Id.* § 31.002(a) (emphasis added). Subsection (b) then sets forth actions the court may take to provide the aid referenced in subsection (a). *See id.* § 31.002(b).

Benavides argues, however, that subsection (b) stands alone, permitting seizure of property in the debtor's possession or control even if the debtor does not own it. He relies on the statutory language before and after the codification of former

–8–

article 3827a of the Texas Revised Civil Statutes, the predecessor to § 38.002. He contends that in article 3827a, subsection (b) contained a cross-reference to subsection (a) and therefore "expressly linked" the two subsections, but the Legislature deleted the cross-reference when the provision was codified. He argues that we may not reinsert language the Legislature chose to delete when it enacted § 31.002.

In construing a statute, "we should be particularly unwilling to reinsert language that the Legislature has elected to delete." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009). We do not do so here. The language in question was the result of "a nonsubstantive revision" of the former revised civil statutes in 1985, and it has remained unchanged since then. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959 § 1 1985 TEX. GEN. LAWS 3242, 3269 (codified at TEX. CIV. PRAC. & REM. CODE § 31.002). Although codified revisions must be given effect where they are "direct, unambiguous, and cannot be reconciled with prior law," *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 286 (Tex. 1999), there is no such conflict here. Under the statute's plain language, subsection (a) generally allows a court to provide "aid" to a judgment creditor, and subsection (b) describes particular types of aid, including a turnover order and appointment of a receiver. TEX. CIV. PRAC. & REM. CODE § 31.002(a), (b)(1), (2).

The Non-Parties argue that a judgment may be enforced against a non-party "only by bringing a separate suit alleging a basis for enforcing the judgment against

that party." Further, they argue that "[t]urnover proceedings are also not the proper judicial mechanism for determining whether a particular transfer is a fraudulent one," and that the judgment debtor must own, not merely control, the assets in question. They cite *Maiz v. Virani*, 311 F.3d 334, 336 (5th Cir. 2002), in support of their arguments.

In *Maiz*, judgment creditors sought a turnover order against a judgment debtor and two non-judgment debtor corporations that the trial court found to be controlled by the judgment debtor. *Id.* at 336–37. Based on its fact finding, the trial court issued a turnover order against the debtor and the two corporations. *Id.* at 337. On appeal, the corporations contended the turnover orders were void for lack of jurisdiction. *Id.* at 341–42. As here, it was undisputed that the trial court had jurisdiction over the judgment debtor in his individual capacity. *Id.* at 342. Citing and quoting § 31.002, the court concluded that the turnover order could not be enforced against the non-judgment debtors. *Id.* at 342–43. The court explained:

> The judgment creditors' argument misses the mark because it overlooks the threshold requirement set forth in § 31.002(a) that the judgment debtor actually own the property at issue. As we see it, subsection (b)(1)'s requirement that turnover property be in the debtor's possession or control must be read *in para materia* with subsection (a) to mean that a court may order turnover of non-exempt property that is in the debtor's possession or subject to the debtor's control only when the judgment debtor owns (has title to) the property in the first place. Because [the individual debtor] does not own the property at issue, his alleged possession or control of the property would not be enough to allow turnover of the [corporations'] assets unless there had been a prior legal adjudication which pierced the two corporations' corporate veils.

*Id.* at 343. The court concluded that the corporations were "distinct legal entities that have substantive property rights in the assets in which they hold title." *Id.* at 345. "Thus, the district court does not have the authority to adjudicate these substantive rights under the turnover statute." *Id.*

Benavides argues that *Maiz* is twenty years old and relies on a prior version of the turnover statute.[2] Although federal cases are not binding precedent in Texas courts, they may be instructive on state law issues, and state courts are not prohibited from considering the federal courts' reasoning in cases determining matters of Texas law. *Westchester Fire Ins. Co. v. Admiral Ins. Co.*, 152 S.W.3d 172, 183 (Tex. App.—Fort Worth 2004, pet. denied) (citing *Davenport v. Garcia*, 834 S.W.2d 4, 20 (Tex. 1992) (orig. proceeding)); *see also GPA Holding, Inc. v. Baylor Health Care Sys.*, 344 S.W.3d 467, 474 (Tex. App.—Dallas 2011, pet. denied) ("While we are not bound by a decision of a federal district court, we may consider federal precedent when it is well-reasoned and helpful.").

Further, this Court reached a similar conclusion in *Turner Bros. Trucking, L.L.C.*, explaining that "Texas courts do not apply the turnover statute to non-judgment debtors." 396 S.W.3d at 674 (citing *Beaumont Bank, N.A.*, 806 S.W.2d at 227). In *Turner Bros.*, the trial court's original judgment imposed liability only on a

---

[2] We note that, contrary to Benavides's argument, *Maiz* interpreted the same statutory language that is at issue here, quoting civil practice and remedies code § 31.002, not former article 3827a of the revised civil statutes. *See Maiz*, 311 F.3d at 342 (quoting § 31.002). *Maiz* was decided in 2002; the codification occurred in 1985. Act of May 17, 1985, 69th Leg., R.S., ch. 959 § 1 1985 TEX. GEN. LAWS 3242, 3269 (codified at TEX. CIV. PRAC. & REM. CODE § 31.002).

corporate entity and not on the entity's individual former managers and members. *Id.* at 674–75. We concluded that because the individuals were not parties to the original judgment, "the turnover statute was not available to obtain relief from them in their individual capacities." *Id.* at 675.

In *In re Topletz*, 2019 WL 4027076, at *3–4, we explained that "[t]urnover proceedings are limited to their purely procedural nature, and the turnover statute does not authorize the trial court to determine the substantive rights of non-judgment debtors." We quoted the supreme court's observation in *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chemical Co., L.P.*, 540 S.W.3d 577, 585 (Tex. 2018) (per curiam), that "the turnover statute has 'no provision conferring authority on trial courts to decide the substantive rights of the parties properly before it in a turnover proceeding, let alone the rights of strangers to the underlying judgment.'" *Topletz*, 2019 WL 4027076, at *4. And citing *In re Karlseng*, No. 05-14-00049-CV, 2014 WL 1018321, at *3 (Tex. App.—Dallas Feb. 12, 2014, orig. proceeding) (mem. op.), and *Turner Bros. Trucking*, 396 S.W.3d at 674–75, we noted that "[t]his Court has concluded a judgment may be enforced against a non-party to the judgment only by bringing a separate suit alleging a basis for enforcing a judgment against that party." *Topletz*, 2019 WL 4027076, at *4. Relying on these authorities, we concluded the trial court abused its discretion by ordering a non-party law firm to deposit into the court registry amounts including any unearned fees and accounts receivable due to it from the judgment debtor. *See id.* at *2, 5.

–12–

Because White does not own the property at issue and there has been no adjudication of the Non-Parties' substantive rights, we conclude the trial court did not err by granting the Non-Parties' plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 226–28; *City of Dallas*, 271 S.W.3d at 416. We decide Benavides's three issues against him.

<p style="text-align:center"><strong>CONCLUSION</strong></p>

The trial court's November 10, 2021 Order Granting Plea to the Jurisdiction is affirmed.

<div style="margin-left:40%">

/Carolyn Wright/
CAROLYN WRIGHT
JUSTICE, ASSIGNED

</div>

211148F.P05

<p style="text-align:center">–13–</p>



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICHARD A. BENAVIDES,
Appellant

No. 05-21-01148-CV          V.

ROSCOE F. WHITE III, GRANITE
FAMILY IPROPERTIES, LLC,
RYAN K. LURICH, AS TRUSTEE
OF THE GRANITE FAMILY
TRUST, TRI-PROPERTIES, LTD.,
AND EVOLV ARBITRAGE, LLC,
Appellees

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-17459.
Opinion delivered by Justice Wright.
Justices Carlyle and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Roscoe F. White III, Granite Family iProperties, LLC, Ryan K. Lurich, as Trustee of the Granite Family Trust, Tri-Properties, Ltd., and Evolv Arbitrage, LLC, recover their costs of this appeal from appellant Richard A. Benavides.

Judgment entered January 26, 2023